760 So.2d 559 (2000)
Jerry TYLER, d/b/a Jerry Tyler & Son Towing & Recovery
v.
Sam HAYNES, Jr., Haynes Motor Lines, Inc. and McKoin Trucking Co., Inc.
No. 99-1921.
Court of Appeal of Louisiana, Third Circuit.
May 3, 2000.
*560 Chris J. Roy, Sr., Alexandria, LA, Counsel for Defendants/Appellants, Sam Haynes, Jr., et al.
Henry H. Lemoine, Jr., Pineville, LA, Counsel for Plaintiffs/Appellees, Jerry Tyler, et al.
*561 (Court composed of Judge HENRY L. YELVERTON, Judge ULYSSES GENE THIBODEAUX and Judge BILLIE C. WOODARD).
THIBODEAUX, Judge.
The defendants, Sam Haynes, Jr., Haynes Motor Lines, Inc. and McKoin Trucking Company, Inc., appeal the trial court's judgment to dismiss their exceptions of lis pendens, improper venue and improper cumulation of actions.
For the following reasons, we affirm the judgment of the trial court.

I.

ISSUES
We shall consider:
1. whether the trial court erred in dismissing the defendants' declinatory exceptions of lis pendens and improper venue; and
2. whether the trial court erred in dismissing the defendants' dilatory exception of improper cumulation of actions.

II.

FACTS
On January 7, 1998, a tractor-trailer owned by the defendants, Sam Haynes, Jr. (hereinafter "Haynes"), Haynes Motor Lines and McKoin Trucking Company, was involved in an accident; the rig of the trailer ran off the road. Approximately twenty to thirty gallons of diesel leaked out of the tractor's tank into a ditch.
The Louisiana State Police Department was called to the scene of the accident. The State Police then contacted Jerry Tyler, d/b/a Jerry Tyler & Son (hereinafter "Tyler"), to tow the tractor-trailer. Tyler subsequently dispatched and subcontracted Courtney Construction Company of Alexandria, Inc. (hereinafter "Courtney") to contain the diesel fuel and debris and to keep the fuel from contaminating the surrounding area and the water system. The services totaled $27,674.71.
Pursuant to orders of the State Police, the tractor-trailer was towed to Tyler's salvage yard in Pineville, Louisiana and stored there for approximately one week until the proper owners could be notified. It was not until January 14, 1998 that it was established that Haynes was the owner of the 1983 Strick Trailer.
The rig was stored at Tyler's yard for about one week without payment of any costs. Tyler made demand upon Haynes and City National Bank of Baton Rouge, the lienholder, by letters dated January 16, 1998 and February 12, 1998, to pay the costs. Tyler threatened to retain the tractor-trailer rig as security until the costs were paid.
Haynes instituted suit in East Baton Rouge Parish and sought release of the tractor-trailer rig. Shortly thereafter, Haynes paid Tyler $2,500 and retrieved the rig from Tyler's yard.
Tyler then sued Haynes in Grant Parish for $27,674.71, which represented the costs for towing and cleanup, together with judicial interest from date of judicial demand until paid, reasonable attorney fees and all costs of the proceedings.
Haynes asserted that Tyler's suit was one on an open account and filed declinatory exceptions of lis pendens and improper venue. Haynes also excepted to a lack of procedural capacity and improper cumulation of actions because Tyler was also suing for claims of Courtney, McVay Gravel Pit and Martin Building Material, claiming that Tyler never had alleged that he was authorized to do so.
The trial court denied the declinatory exceptions of lis pendens and improper venue and the dilatory exception of improper cumulation of actions. The court granted the dilatory exception of lack of procedural capacity for Tyler to sue as the mandatary for Courtney. Courtney was granted leave to intervene in April 1999.
*562 Defendants, Haynes, Haynes Motor Lines, Inc. and McKoin Trucking Company, Inc., now appeal the trial court's judgment which denied the four asserted exceptions.

III.

LAW AND DISCUSSION

Lis Pendens
The defendants have invited this court to reverse the trial court's denial of their lis pendens exception. They argue the exception of lis pendens should have been granted because of the pending suit in East Baton Rouge Parish which involved the same parties and the same causes of action. We disagree and decline to reverse.
Louisiana Code of Civil Procedure Article 531 provides:
When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.
(Emphasis added).
The doctrine of lis pendens prevents a plaintiff from litigating a second suit when the suits involve the same transaction or occurrence between the same parties in the same capacities. Domingue v. ABC Corp., 96-1224, 96-1233, 96-1234, 96-1236, 96-1245 (La.App. 4 Cir. 6/26/96); 682 So.2d 246, writ denied, 96-1947 (La.11/1/96); 681 So.2d 1268. "The test for deciding whether an exception of lis pendens should be granted is to inquire whether a final judgment in the first suit would be res judicata in the subsequently filed suit." Id., p. 3, at 248 (citation omitted).
A declinatory exception, such as lis pendens, serves to decline the jurisdiction of a court. In this appeal, jurisdiction cannot be declined. It is undisputed that both the East Baton Rouge Parish suit and the Grant Parish suit involve the same transaction or occurrence; it is the identity of the parties in the suits which differ. The initial suit, which was filed by Haynes in East Baton Rouge Parish, involved Tyler and the Louisiana State Police as defendants. The suit filed by Tyler in Grant Parish named Haynes, Haynes Motor Lines, Inc. and McKoin Trucking Company, Inc. as defendants. Thus, a judgment in the East Baton Rouge Parish lawsuit would not have the effect of res judicata in the Grant Parish suit because it does not involve the same parties in the same capacities.
The trial court did not err in denying the defendants' lis pendens exception.

Improper Venue
The defendants contend the trial court erred in finding that Grant Parish was the proper venue for this claim. They assert Tyler's suit is one on an open account and, therefore, East Baton Rouge Parish would be the proper venue. We disagree. We conclude that Tyler's suit is one on a quasi-contract; hence, venue is proper in Grant Parish.
Louisiana Revised Statutes 9:2781(C) provides that an "`open account' includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. `Open account' shall include debts incurred for professional services, including, but not limited to, legal and medical services ..."
An open account has been compared to a credit account. Dixie Mach. Welding & Metal Works, Inc. v. Gulf States Marine Tech. Bureau, Inc., 96-869 (La.App. 5 Cir. 3/12/97); 692 So.2d 1167. Olinde v. Couvillion, 94-1275 (La.App. 4 Cir. 2/23/95); *563 650 So.2d 1241 categorizes an open account as professional services over a period of time and annexed thereto is a "running" balance of charges and payments. In Herb's Machine Shop, Inc. v. John Mecom Co., 426 So.2d 762 (La.App. 3 Cir.), writ denied, 430 So.2d 98 (La.1983), this court set forth the following factors to determine whether a course of dealings is considered an open account:
1. Whether there were other business transactions between the parties;
2. Whether a line of credit was extended by one party to the other;
3. Whether there are running or current dealings; and
4. Whether there are expectations of other dealings.
A contract is significantly different from an open account. Louisiana Civil Code Article 1906 defines contract as "[a]n agreement by two or more parties whereby obligations are created, modified, or extinguished." An open account is an account in which a line of credit is running and is open to future modification because of expectations of prospective business dealings. Services are recurrently granted over a period of time. A contract, however, is an agreement between two or more parties in which an offer is made by one of the parties and acceptance is made by the other party, thereby establishing a concurrence in understanding the terms.
A contract unequivocally exists in this case. Tyler did not have past business dealings with Haynes in which a credit line could have been established. There is also no evidence that Tyler and Haynes expected to have any future dealings with one another.
The case before us has an abnormal realm of facts. A tractor-trailer rig was found in a ditch in Grant Parish. The driver of the rig was surprisingly not present. At the time the rig was found on January 7, 1998 until January 14, 1998, the owner of the rig was not known. Two State troopers saw the rig, which was not overturned, and contacted Tyler. Tyler then contacted Courtney to clean up the diesel fuel that had leaked from the rig's tank into the ditch.
The State Police had a duty to have the wreckage removed from the roadway. Louisiana Revised Statutes 32:2 authorizes the Department of Transportation to supervise and regulate traffic on the highways in Louisiana. Louisiana Revised Statutes 48:347(C) empowers the Department of Transportation to remove obstacles from the highway at the expense of the responsible person. Based on these provisions, the troopers contacted Tyler to remove the rig from the ditch to insure safe travel on the roadway. Tyler likewise had a duty to remove the diesel from the ditch; this required him to subcontract Courtney. The troopers had definite authority to have the tractor-trailer removed and Tyler had apparent authority to remove it from the ditch. Tyler also had apparent authority to contact someone who was capable of cleaning up the diesel and the other debris which resulted from the rig's accident, all at the expense of the responsible party, Haynes, the owner of the trailer.
Predicated upon these facts, we conclude the trial court was correct in its assessment that a quasi-contract exists in this case.
A quasi-contract evolves from the theory of negotiorum gestio, or the unauthorized management of affairs of another. Louisiana Civil Code Article 2292 provides an individual in Tyler's position to manage the affairs and to protect the interests of another, Haynes (the owner), without the authority of the owner, in the reasonable belief that the owner would approve of the action if he were made aware of the circumstances. The management is purely voluntary. The evidence is sufficient to connote that Tyler's actions were primarily in the interest of managing Haynes' affairstowing Haynes' tractor-trailer which possibly prevented it from sustaining additional *564 damage if it were left stranded on the roadway. See La.Civ.Code art. 2292, comment (c). Also, we have no reservations that Haynes would have desired services, such as those provided by Tyler, to have the tractor-trailer towed and to have the debris removed from the accident scene.
Our conclusion that a quasi-contract exists directs us to Louisiana Civil Code Article 76.1, which provides:
An action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was to be performed under the terms of the contract.
Accordingly, suit was properly brought in Grant Parish, the parish where the tractor-trailer rig was towed and stored and where the cleanup occurred.

Improper Cumulation of Actions
Defendants further argue that since the trial court sustained their exception of lack of procedural capacity, the court erred in denying their exception of improper cumulation of actions. Again, we disagree.
Louisiana Code of Civil Procedure Article 463 states, in pertinent part:
Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:
(1) There is a community of interest between the parties joined;
(2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
(3) All of the actions cumulated are mutually consistent and employ the same form of procedure.
The cumulated action for recompensing Courtney, which arose out of the same transaction or occurrence which required Tyler's services, is permissive. There is a definite community of interest between Tyler and Courtney. Venue for both actions is proper in Grant Parish. The two actions were mutually consistent and, because they are both ordinary proceedings, they employ the same form of procedure.
The defendants' exception of improper cumulation of action is devoid of merit.

IV.

CONCLUSION
Accordingly, the judgment of the trial court is affirmed.
All costs of this appeal are assessed to the defendants, Sam Haynes, Haynes Motor Lines, Inc. and McKoin Trucking Company, Inc.
AFFIRMED.
WOODARD, J., concurs in the result.