889 So.2d 274 (2005)
SHREVEPORT ELECTRIC CO., INC., Plaintiffs-Appellees
v.
OASIS POOL SERVICE, INC., Defendants-Appellants.
Wayne Simmons, et al, Plaintiffs-Appellees
v.
Oasis Pool Service, Inc. et al, Defendants-Appellants.
Nos. 38,776-CA, 38,876-CA.
Court of Appeal of Louisiana, Second Circuit.
September 29, 2004.
Rehearing Denied January 20, 2005.
*276 Burt A. Bowers, Shreveport, for Plaintiffs-Appellees.
Greenwald Law Firm, LLC, Shreveport, Amy L. Greenwald for Defendants-Appellants.
Before WILLIAMS, STEWART and LOLLEY, JJ.
LOLLEY, J.
In this consolidated matter, Oasis Pool Service, Inc. ("Oasis") appeals a judgment rendered in Shreveport City Court, Caddo Parish, Louisiana, in favor of Shreveport Electric Co., Inc. ("Shreveport Electric") on their demand of $9,500 for electrical work performed, plus all court costs, filing fees, subpoena fees and 25% of the main demand as attorney fees. Oasis is also appealing a judgment rendered in the First Judicial District Court, Caddo Parish, Louisiana, awarding Wayne and Gale Simmons ("the Simmons") $2,000 in damages for the faulty installation of a putting green on their personal property and a judgment awarding court costs equally to both parties. For the following reasons, we affirm the city court judgment and as to the district court judgment, we reverse in part, amend in part and render.

FACTS
This appeal involves two businesses and their owners who had previously enjoyed a 20 year business relationship. Oasis is owned by Paul and Tina Broussard ("the Broussards") and Shreveport Electric is owned by the Simmons. In the fall of 2001, Oasis hired Shreveport Electric to do some electrical work on its new office building located at 8039 Line Avenue in Shreveport; this building is owned by the Broussards. In early 2002, the Simmons hired Oasis to install a putting green on their private property located at 5800 Jefferson Paige Road in Shreveport. In September 2002, Shreveport Electric sent an invoice to Oasis in the amount of $13,503.77 for the electrical services rendered on the Line Avenue building, and on that invoice was a somewhat ambiguous notation by Gale Simmons indicating a desire to settle the obligations existing between all the parties.
Oasis responded with a payment to Shreveport Electric in the amount of $4,003.77, indicating that this was the amount due Shreveport Electric for the cost of the electrical work ($13,503.77) minus the amount due for the installation of the putting green ($9,500) on the Simmons property. In October 2002, Shreveport Electric sent another invoice to Oasis and credited them for the $4,003.77 payment, but showed that a balance remained outstanding in the amount of $9,500. No further payment was made by Oasis. On November 19, 2002, Shreveport Electric sent a demand letter by certified mail to Oasis alleging that there was an outstanding amount due of $9,500 for the work done on the Line Avenue building. Oasis responded with a certified demand letter to Shreveport Electric stating that it was owed $9,500 for the installation of the putting green. Thereafter, litigation between the parties ensued.

Procedural History
On December 20, 2002, Shreveport Electric filed suit on an open account in Shreveport City Court against Oasis demanding a balance due of $9,500 for work performed on the Line Avenue building. Oasis filed an answer and reconventional *277 demand against the Simmons contending that they owed Oasis $9,500 for the installation of the putting green on their personal property. Oasis also asserted affirmative defenses of offset, compromise and settlement.
On that same date, the Simmons filed a petition for damages against Oasis in the First Judicial District Court, seeking damages related to the installation of the putting green on their private property. Oasis filed an answer and reconventional demand for $9,500, the cost of installing the putting green. The Simmons filed an answer to the reconventional demand. Thereafter, Oasis filed a third party demand against Strong's Backhoe Service, Inc. and David Strong claiming that they were liable for the defective putting green.
In January 2003, the Simmons, defendants in reconvention, filed an exception of lis pendens and no cause of action in Shreveport City Court alleging that litigation was also pending in the First Judicial District Court. A hearing on the exception was held and judgment was rendered by the Shreveport City Court sustaining the exception of lis pendens and stating that the pending district court suit entitled "Wayne and Gale Simmons versus Oasis Pool Service, Inc .... involves the same parties, same cause of action, same object, same issues as the instant suit. The pendency of the district court suit bars prosecution of the instant suit." The city court also sustained the exception of no cause of action with regard to Shreveport Electric Company, dismissing Shreveport Electric's suit without prejudice.
One month later, the city court rendered an Amended Opinion clarifying its original opinion by stating that "Defendant's and Plaintiff in reconvention's suit is dismissed without prejudice." Judgment was entered on April 17, 2003, granting the Simmons' exception of lis pendens and exception of no cause of action and dismissing the reconventional demand against them without prejudice. Shreveport Electric then filed a first supplemental and amending petition, naming the Broussards individually as owners of Oasis as defendants in the matter. After several motions were filed by both parties a hearing was held in city court on July 9, 2003. The city court ruled "that defendants', Paul Broussard and Christina Broussard, exceptions of no cause of action and no right of action are dismissed." The trial court ruled that the claims were dismissed with prejudice (emphasis added). Subsequently, on October 23, 2003, and prior to the ruling of the First Judicial District Court on the pending action, there was a trial on the merits in Shreveport City Court with judgment in favor of Shreveport Electric against Oasis for $9,500, plus all court costs, filing fees, subpoena fees and 25% of the main demand as attorney fees. An appeal from this judgment ensued.
Following a trial of the other matter in the First Judicial District Court on October 16, 2003, all claims against the third party defendants, Strong's Backhoe and David Strong, were dismissed, with costs assessed to Oasis. The trial court ruled that the Simmons were entitled to damages of $2,000 for the faulty installation of the putting green. The district court stated in its written opinion filed on October 27, 2003, that "[a]dditionally, the court finds that the principals to the agreement concerning the installation of the putting green (Wayne Simmons on behalf of the plaintiff, individually and as agent for Shreveport Electric, and Paul Broussard, on behalf of Oasis Pool Service, Inc.) did in fact agree to offset the amount of the putting green against the amount due by Oasis for electrical work done by Shreveport Electric. In that regard, the evidence *278 showed that Oasis had accepted the offset by sending its check for the balance due for electrical work." The district court stated "[a]s to the reconventional demand, the evidence showed, as aforesaid, that an ofset was agreed to with Shreveport Electric (not a party to this litigation) in favor of plaintiffs. The demands of defendant-plaintiff in reconvention are therefore denied." The district court filed a judgment on November 5, 2003, ruling that the Oasis "agreed to an offset for the cost of the putting green with Shreveport Electric Co., Inc. (not a party to this litigation) in favor of Wayne Simmons and Gale Simmons." Costs were assessed equally to both parties. Subsequently, Oasis filed a motion for a new trial then withdrew that motion and filed this appeal.
The two cases were consolidated on appeal. The following six assignments of error were alleged by Oasis:
(1) That the Shreveport City Court erred by ruling on the case prior to the ruling of the other case in the First Judicial District Court;
(2) That the Shreveport City Court erred by precluding Oasis from pursuing the affirmative defenses it asserted;
(3) That the Shreveport City Court's ruling is clearly erroneous and contrary to the evidence presented at trial;
(4) That the First Judicial District Court erred in awarding damages to Shreveport Electric for the installation of the putting green;
(5) That the First Judicial District Court's judgment awarding court costs is inconsistent with its opinion;
(6) That the rulings in matter 38,776-CA and 38,876-CA are clearly contrary to each other and should be reconciled.
Shreveport Electric and the Simmons answered the appeal by filing two separate briefs each addressing the errors as they apply to the separate matters. Appellees assert that there was not a judgment rendered by Shreveport City Court indicating that it would not try the matter of Shreveport Electric against Oasis until such time as the First Judicial District Court rendered a decision in the suit filed by the Simmons against Oasis. Appellees contend the city court suit is a separate and distinct suit from the action filed by the Simmons in the First Judicial District Court. Appellees further argue that Oasis was not precluded from pursuing its affirmative defenses and contend that because Oasis raised the affirmative defense of offset and, in fact, subtracted $9,500 from the bill and paid the balance of $4,003.77, they judicially admitted the correctness of Shreveport Electric's demand. Finally, they contend that there is no evidence showing that Shreveport Electric owed Oasis or the Broussards any money because the agreement to install the putting green was between the Simmons and Oasis and, therefore, is not Shreveport Electric's responsibility.

LAW AND DISCUSSION
It is well settled that a court of appeal should not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. Stobart v. State through Dept. of Transp. & Development, 617 So.2d 880 (La.1993). The reviewing court must do more than just simply review the record for some evidence which supports or controverts the trial court's findings; it must instead review the record in its entirety to determine whether the trial court's finding was clearly wrong or manifestly erroneous. Id. The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the fact finder's conclusion *279 was a reasonable one. Bush v. XYZ Ins. Co., 38,867 (La.App.2d Cir.08/18/04), 880 So.2d 953; Cosse v. Allen-Bradley Co., 601 So.2d 1349 (La.1992). If the trial court's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that, had it been sitting as the trier of fact, it would have weighed the evidence differently. Housley v. Cerise, 579 So.2d 973 (La.1991); Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106 (La.1990).

Assignments of Error
In its first assignment of error, Oasis alleges that the Shreveport City Court erred by ruling on the suit by Shreveport Electric against Oasis prior to the ruling of the suit filed by the Simmons against Oasis which was tried in the First Judicial District Court. Oasis contends that since the city court granted Shreveport Electric's exception of lis pendens, it should not have tried the suit between Shreveport Electric and Oasis. We disagree and decline to reverse the city court's ruling on that issue for the reasons set forth below.
Pursuant to La. R.S. 9:2781(D), an open account includes "any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. An open account shall include debts incurred for professional services, including but not limited to legal and medical services ..."
A contract is significantly different from an open account. Louisiana Civil Code Article 1906 defines contract as an agreement by two or more parties whereby obligations are created, modified, or extinguished. An open account is an account in which a line of credit is running and is open to future modification because of expectations of prospective business dealings. Services are recurrently granted over a period of time. A contract, however, is an agreement between two or more parties in which an offer is made by one of the parties and acceptance is made by the other party, thereby establishing a concurrence in understanding the terms. Tyler v. Haynes, 99-1921 (La.App. 3d Cir.05/03/00), 760 So.2d 559.
Louisiana Code of Civil Procedure Article 531 provides:
When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all. (Emphasis added).
The doctrine of lis pendens prevents a plaintiff from litigating a second suit when the suits involve the same transaction or occurrence between the same parties in the same capacities. The test for deciding whether an exception of lis pendens should be granted is to inquire whether a final judgment in the first suit would be res judicata in the subsequently filed suit. Tyler v. Haynes, supra.
Based on this analogy, the judgment in Shreveport City Court against Oasis would not have the effect of res judicata in the First Judicial District Court judgment against Oasis because it does not involve the same parties in the same capacities. The ruling in the city court case granted the Simmons' motion of lis pendens, dismissing Oasis' cause of action against the Simmons in city court without prejudice. The record is clear that when the city court opined that "the *280 pendency of the district court suit bars prosecution of the instant suit" (emphasis added) based on the fact that both suits involve "the same parties, same cause of action, same object, and same issues," the trial court was specifically referring to the reconventional demand of Oasis filed in city court against the Simmons for the installation costs of the putting green and not the main demand of Shreveport Electric against Oasis. In the instant case, we do not find that the city court erred in rendering a judgment on an open account prior to the district court ruling on a petition for damages regarding an oral contract to install a putting green. We find the two cases to be separate and distinct and conclude that there was no legal basis to preclude the judgment being rendered in city court prior to that of the district court. We therefore find no merit to Oasis' first assignment of error.
In its second assignment of error, Oasis contends that the city court erred by precluding Oasis from pursuing the affirmative defenses it asserted. To the contrary, we find that the record indicates that the city court allowed testimony "for the limited purpose of any set off, swap out, credit um [sic] that would be relevant to the case" regarding the bill that was sent by Shreveport Electric to Oasis. At a later point in the trial, the city court allowed another line of questioning by counsel for Oasis over the objection of Shreveport Electric to clarify whether Paul Broussard was of the opinion that he and Wayne Simmons had a history of offsetting or trading out work. Moreover, at the conclusion of the trial of the matter, the city court judge gave an oral opinion stating that "as far as any setoff I think that was not a clear part of your agreement as to how the setoff would be done and any contract situation there should be a[sic] there must be a meeting of the minds as to what you both understand that you're going to do." It is clear that the trial court simply did not find the evidence to be supportive of Oasis' claim of an offset. After reviewing the testimony and evidence in its entirety, we find that there is sufficient evidence supporting the conclusion of the city court. Thus we find no merit to this assignment of error.
In its third assignment of error, Oasis alleges that the city court's ruling is clearly erroneous and contrary to the evidence presented at trial. We disagree. As noted above, we find that the record supports a conclusion that there was no meeting of the minds between the parties regarding an offset in this particular situation. Furthermore, the record more than adequately supports a finding that Oasis owed a balance of $9,500 to Shreveport Electric for the work performed on the Line Avenue Business. We find no merit to this argument.
Next, Oasis contends that the First Judicial District Court erred in awarding damages to Shreveport Electric for the installation of the putting green. A review of the pictures submitted, along with the testimony given, clearly shows that many of the seams on the putting green came apart due to either a faulty installation or defect in the materials used and that there was also some discoloration of the product. Although the putting green was not rendered useless, it is reasonable to conclude that the final result was not conducive to its use and enjoyment as was intended. The parties are in dispute as to what was the agreed upon cost of the project. Oasis ultimately charged the Simmons $9,500 for the installation of the putting green. Testimony by Paul Simmons indicated he was under the impression that the putting green was to cost between $3,000 to $4,000. However, testimony from both sides indicated that *281 these parties did a great deal of business and that they were in the habit of just billing the other party for the services rendered. Apparently, this was the manner in which these parties conducted business and, until the instant case, there is no evidence that there had ever before been a conflict. Nevertheless, we find that the evidence supports the finding by the trial court that the installation of the putting green was deficient and that an award of damages in the amount of $2,000 was not unreasonable.
In Oasis' fifth assignment of error, it complains that the district court's award of court costs is inconsistent with the opinion it rendered.
The allocation of court costs among the parties is a matter which is subject to the discretion of the trial court and its allocation of those costs will not be disturbed absent evidence of an abuse of that discretion. See Street v. May, 35,589 (La.App.2d Cir.12/05/01), 803 So.2d 312. Louisiana C.C.P. Art.1920 provides that "unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause. Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable."
Oasis argues that because the trial court states at the end of its written opinion that "court costs are ordered to be evenly due by plaintiff and defendant," that it was error for them to be cast for all court costs concerning the third party demand. The trial court ruled on Oasis' third party demand at the conclusion of the trial of the merits. In its written opinion the district court found that "no liability against third party defendant was shown at all." Judgment was rendered in favor of the third party defendants, dismissing with prejudice the third party demands of Oasis at Oasis' costs. Clearly, it was the intention of the trial court to cast Oasis for costs associated with its failed third party demand. In this court's view, the fact that the trial court cast both Oasis and the Simmons equally for court costs on the principal demand is not inconsistent with its opinion. We find no abuse of discretion on the part of the trial court in doing so and, thus, find no merit to this assignment of error.
Finally, Oasis contends the rulings in matters 38,776-CA and 38,876-CA are clearly contrary to each other and should be reconciled. We agree that some clarification regarding the offset may be warranted.
As stated above, the suit filed in the district court concerns an agreement between the Simmons and Oasis for the installation of a putting green on their private property. The cause of action in the city court concerns a suit on an open account between the two businesses. What complicates the dispute between these parties is the fact that over the last 20 years they have amicably traded off some of their business obligations with their personal obligations. Nevertheless, in the present case, we find that these two matters are separate and distinct.
The district court found that the evidence showed "that an off-set was agreed to with Shreveport Electric (not a party to this litigation) in favor of the plaintiffs." However, we do not find that the district court was in the proper posture to render such a ruling as the parties in the district court suit were not acting in the same capacity as the parties in the city court suit. Moreover, the trial court's ruling in that regard was not pertinent to the case before it.
Consequently, we reverse that part of the district court judgment and find that there was not an offset agreement between Shreveport Electric and Oasis.

*282 CONCLUSION
For the reasons set forth above, we affirm the judgment of the city court. We reverse that part of the district court's judgment ruling that there was an offset between Shreveport Electric and Oasis. We affirm that part of the district court's judgment awarding damages in the amount of $2,000 to the Simmons. We amend the district court judgment and order the Simmons to pay Oasis $9,500 plus interest from the date of demand for the cost of the installation of the putting green. Costs of this appeal are to be borne equally by appellant and appellees.
THE JUDGMENT OF THE SHREVEPORT CITY COURT IS AFFIRMED. JUDGMENT OF THE FIRST JUDICIAL DISTRICT COURT IS HEREBY AMENDED IN PART, REVERSED IN PART AND RENDERED.
APPLICATION FOR REHEARING
Before WILLIAMS, STEWART, GASKINS, MOORE and LOLLEY, JJ.
Rehearing denied.