STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-787


TRI-PARISH ELECTRICAL SUPPLY, INC.

VERSUS

CYPRESS BEND INVESTMENTS, LLC


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2006-3267
HONORABLE DAVID KENT SAVOIE, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Phyllis M. Keaty, Judges.


AFFIRMED.  ADDITIONAL ATTORNEY FEES AWARDED TO APPELLEE.


Rudie Ray Soileau, Jr.
Lundy, Lundy, Soileau & South
P. O. Box 3010
Lake Charles, LA 70602
(337) 439-0707
COUNSEL FOR PLAINTIFF APPELLEE:
    Tri-Parish Electrical Supply, Inc.

**Robert C. McCorquodale**
**In House Counsel**
**P. O. Box 2185**
**Lake Charles, LA 70602**
**(337) 491-3622**
**COUNSEL FOR DEFENDANT APPELLANT:**
　　**Cypress Bend Investments, LLC**

**P. Jody Lavergne**
**Russell J. Stutes, Jr.**
**Stutes & Lavergne**
**P. O. Box 1644**
**Lake Charles, LA 70602**
**(337) 433-0022**
**COUNSEL FOR DEFENDANT APPELLANT:**
　　**Cypress Bend Investments, LLC**

**SAUNDERS, J.**

Plaintiff materials supplier filed suit against Defendant claiming certain amounts were due under an open account. Defendant asserted it entered into a fixed price contract rather than an open account contract and, as such, did not owe the balance of the account. The trial court held a valid open account was created and awarded Plaintiff the balance of the account, plus attorney fees. Defendant appeals. We affirm and award additional attorney fees.

**FACTS AND PROCEDURAL HISTORY:**

Monroe Thompson ("Thompson") is the sole owner of Cypress Bend Investments, LLC ("Cypress Bend"). In the summer of 2004, Thompson decided to improve Cypress Bend's vacant land in Iowa, Louisiana, by building an RV park. He sought the advice of a fellow RV park owner and operator, Lewis Sherman ("Sherman"). Sherman suggested that Thompson save money on the project by acting as his own general contractor for the electrical work—a large part of the project. Thompson agreed and assumed the duties and responsibilities of a general contractor to avoid the overhead and profit typically charged.

Thompson arranged to obtain the electrical materials directly from an electrical supplier. In August 2004, Sherman organized a meeting between Thompson, an electrician, and two electrical supply house salesmen. Thompson gave a set of RV park building and electrical plans to the electrician and both salesmen.

Ricky Neal ("Neal"), who was later hired as the electrician for the job, offered a labor and materials bid, estimating the total cost would be $234,000.00. He calculated an initial cost estimate for all electrical supplies for the job, totaling $184,000.00.

Tri-Parish Electrical Supply, Inc. ("Tri-Parish") through its salesman Merrick Aguillard ("Aguillard") responded to Thompson's request for a materials-only bid. Aguillard forwarded pricing information to Thompson in two faxes, reciting prices for various specific electrical parts from the materials list Thompson had for the job. Both materials lists included the word "estimate." On the last page of a fax, Aguillard recapitulated the numbers reflecting a total of $90,365.75 and included a handwritten note, which read "cost for total material for job."

Tri-Parish contends this "total material" price indicated the cumulative total of the totals from the two materials lists. Aguillard provided Cypress Bend with a total cost for the materials itemized on the two lists for the job. It contends the list was not complete.

Thompson contends the pricing information provided to him by Aguillard was an offer on behalf of Tri-Parish to provide all electrical materials required to complete construction for the Cypress Bend project—including the electrical supplies listed on the material list and electrical supplies that had yet to be identified or selected for the project.

After receipt of the faxes, Thompson called Aguillard to inform him that Cypress Bend would buy all electric materials for the RV park from Tri-Parish. Cypress Bend then ordered supplies for the project from Tri-Parish. Thompson regularly received and paid the invoices from Tri-Parish for the electrical supplies ordered and delivered to the Cypress Bend project site. He complied with the invoices from Tri-Parish until the cumulative amount paid approached, what he contends, the offer amount.

At the end of the project, Thompson subtracted what he already paid from what he contended was an offer (the $90,365.75). Cypress Bend then issued a check for the difference, or $10,321.16, payable to Tri-Parish. Tri-Parish rejected

the check because it contained a notation "Balance of Quote in Full." Tri-Parish demanded Cypress Bend pay the balance due on the account, $82,515.71, for electrical supplies delivered and which formed part of the finished project.

When Cypress Bend refused to pay this amount, Tri-Parish filed and recorded a materialman's lien against Cypress Bend in the mortgage records of Calcasieu Parish, Louisiana. Tri-Parish filed the instant suit on July 17, 2006, by filing a petition to enforce lien and for monies due on an open account. The trial court conducted a two-day bench trial in November of 2011. The trial judge awarded Tri-Parish the balance on the account, $82,515.71, along with interest and attorney fees of $25,000.00.

Cypress Bend appeals.

## ASSIGNMENTS OF ERROR:

On appeal, Cypress Bend sets forth the following assignments of error:

1. The trial court erred in finding Tri-Parish submitted evidence sufficient to establish an open account contract with Cypress Bend.

2. The trial court erred in finding the parties' contract was not for a fixed price of $90,365.75.

3. The trial court erred in finding Tri-Parish was entitled under the law to recover $25,000.00 in attorney fees plus actual costs.

Tri-Parish answered the appeal seeking an increase in attorney fees for work done on appeal.

## LAW AND ANALYSIS:

### Standard of Review

This is an appeal challenging a finding by the trial court resolving a dispute on the intent and nature of an agreement reached by the party litigants. It is a

factual finding. As such, the standard of review is the manifest error standard. *Miller v. Jackson*, 11-773 (La.App. 3 Cir. 12/7/11), 80 So.3d 673.

**1.      *Open account or fixed price contract***

Because Cypress Bend's first two assignments of error are interrelated, we address them together.

In proving an open account, plaintiff first must prove the account by showing that the record of the account was kept in the course of business and by introducing supporting testimony regarding its accuracy. Once a prima facie case has been established by a plaintiff-creditor, the burden shifts to the debtor to prove the inaccuracy of the account or to prove that the debtor is entitled to certain credits. *Gen. Elec. Co. v. La. Elec. Supply*, 460 So.2d 34 (La.App. 1 Cir. 1984).

Louisiana Revised Statutes 9:2781(D) defines "open account" as including "any account for which a part or all the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions." This court has previously defined an open account as "an account in which a line of credit is running and is open to future modification because of expectations of prospective business dealings." *Tyler v. Haynes*, 99-1921, p. 5 (La.App. 3 Cir. 5/3/00), 760 So.2d 559, 563. Moreover, a defining characteristic of an open account is that "[s]ervices are recurrently granted over a period of time." *Id.*

The open account requires that the total cost or price be "generally left open or undetermined." *Blanchard v. Cors & Bassett*, 09-2236, p. 3 (La.App 1 Cir. 9/8/10), unpub. In contrast, a fixed price contract is a contract where a total price is agreed upon by the parties at the outset and costs are limited to that price. *See L.G.W., Inc. v. Redmann*, 496 So.2d 384 (La.App. 4 Cir. 1986).

4

The trial court found the evidence clearly showed Thompson and his company had knowledge of what the approximate cost of the project was going to be based on conversations he had with his architect and electrician. Thompson received a bid for a portion of the materials required for the project, which was clearly delineated in the bid, where there was a list of materials. It found that Thompson knew or should have known that this bid did not include all the materials required for the project. Furthermore, Thompson authorized the electrician to order whatever materials needed for the project without securing a complete list of materials needed and without requiring Tri-Parish to supply him with a complete list of all the materials. All of these parts were subsequently incorporated into the Cypress Bend RV park. Since Thompson is a sophisticated businessman, he would not have gone into this project without knowing what the total cost was, and even though the handwritten language on the bid seemed to say it was for the entire job, it was clear that the materials listed would not be enough to cover the entire job. Less than one-half of the materials necessary were included in the bid.

The trial court further found that Thompson had the opportunity to compare the invoices against the original bid and could have determined there was a difference in materials he received versus the materials included in the bid. Thompson made no such effort. The trial court found Tri-Parish provided defendant with the information he needed to pay the invoices on a monthly basis and Thompson gave the information necessary to create the open account.

The trial court relied upon the testimony of Thompson's electrician, Neal, who stated that the invoicing forwarded by Tri-Parish was not that typical of a fixed price agreement, where such invoicing is generally issued in fractions of the total price. Thompson had a fixed price agreement and the invoicing issued by

5

Neal was paid in this manner. For example, when the project was twenty-five percent complete, one-fourth of the total price was billed as due. To the contrary, the invoicing issued by Tri-Parish reflected specific items ordered and delivered to the job site. These invoices listed itemized pricing for individual electrical supplies that were specifically described and included a total due that was simply a sum of those individual prices. The trial court held Cypress Bend established an open account with which Thompson complied by paying bills sent to him by Tri-Parish.

Tri-Parish maintained an account with Cypress Bend for which part of the balance was still due. This account was open to future modifications because of prospective business dealings, such as establishing the wiring runs for the RV park. Conversations with Neal and Thompson's architect indicated Thompson was aware the materials list was a partial rather than a complete list. These materials were not listed in the bid from Aguillard because the service location for electrical service at the RV park had not yet been determined. Absent a determined service location, the wiring runs could not be specifically determined. This was a major component of the materials needed for the job and a significant component of the cost. Cypress Bend authorized Neal to order all materials that were needed, without securing a complete list of materials needed for the job. Cypress Bend received and paid multiple invoices that did not contained fixed percentages of a total, but rather, contained the cost of specific materials as they were ordered.

The trial court held these facts indicated that the parties established an open account. There is no evidence of manifest error. It was reasonable for the trial court to find the parties were operating under an open or undetermined price scheme.

*2.* ***Attorney fees and costs***

Recovery of attorney fees is not allowed unless specifically provided for by statute or contract. *Huddleston v. Bossier Bank & Trust Co.*, 475 So.2d 1082 (La.1985); *State, Dep't. of Transp. & Dev. v. Wagner*, 10-0050 (La. 5/28/10), 38 So.3d 240.

Louisiana Revised Statutes 9:2781 provides for an award of attorney fees when an award is based on an open account:

> When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. . . . La.R.S. 9:2781(A).

The trial court held Tri-Parish carried its legal burden in proving its open account claim. As such, La.R.S. 9:2781 has application to this case as it is based on an open account. The award of $25,000.00 for attorney fees and interest by the trial court to Tri-Parish was not manifestly erroneous. Whether this award was excessive or unreasonable was not raised on appeal.

Tri-Parish answered this appeal seeking additional attorney fees, which is required before an appellate court can award additional attorney fees on appeal. *See McFadden v. Import One, Inc.*, 10-952 (La.App. 3 Cir. 2/9/11), 56 So.3d 1212. An additional award of $5,000.00 in attorney fees is warranted for costs of this appeal.

**CONCLUSION:**

The trial court was not manifestly erroneous in determining the parties entered into an open account arrangement.

Costs of this appeal are assessed to Cypress Bend, plus additional $5,000.00 in attorney fees.

**AFFIRMED. ADDITIONAL ATTORNEY FEES AWARDED TO APPELLEE.**