LOLLEY, J.
11Everlee Jackson appeals the judgment of the 42nd Judicial District Court for the Parish of DeSoto, State of Louisiana, in which the trial court ordered Jackson to pay half the costs for the expert surveyor originally retained by the defendants, Edith and Billy Herring. For the following reasons, we affirm the trial court’s judgment.
Facts
The genesis of this instant appeal is an opinion rendered by this court in a boundary matter, Jackson v. Herring, 46,870 (La.App.2d Cir.01/25/12), 86 So.3d 9 (“Jackson I ”). In that case, Jackson appealed a judgment dismissing her suit captioned as a “Petitory Action with Request for Declaratory Relief’ against the Herrings concerning a small piece of property near Grand Cane in DeSoto Parish. In short, the Herrings had fenced the disputed property which Jackson claimed ownership. The trial court ruled in favor of the Herrings, and Jackson I reversed the trial court’s judgment. The matter was remanded to the trial court to fix the boundary in accordance with La. C.C. art. 794.
On remand to the trial court, Jackson filed a Motion Requesting Rendition of Final Judgment and Taxing of Costs. A hearing was conducted, and at that hearing the trial court assessed (among other things) trial court costs equally to both parties. Included in that amount was the survey cost to Michael Bowman of $15,275.76, which the trial court deemed to be a “cost of court.” Jackson appeals the trial court’s judgment.
1 2Piscussion
On appeal, Jackson raises one assignment of error, arguing that the trial court erred in ordering her to pay half the costs of the expert surveyor, Bowman, where Jackson neither chose, recommended, nor agreed to that expert’s services. According to Jackson, in her original petition she requested that the trial court order a survey of the disputed tract of land. However, that request was never *1247 complied with, and the trial court did not appoint a surveyor. Jackson maintains that the surveyor, Bowman, was hired by the defendants, and that he surveyed the property and testified as a defense expert at trial. According to Jackson, Bowman was hired on the defendants’ own volition, and Bowman’s services were not utilized by Jackson. Thus, Jackson maintains that selection and use of Bowman’s services amount to a litigation expense and not a court cost. We disagree.
Louisiana C.C.P. art.1920 states that:
Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.
The allocation of court costs among the parties is a matter which is subject to the discretion of the trial court and its allocation of those costs will not be disturbed absent evidence of an abuse of that discretion. Shreveport Elec. Co., Inc. v. Oasis Pool Service, Inc., 38,776 (La.App.2d Cir.09/29/04), 889 So.2d 274, writ denied, 2005-0340 (La.04/01/05), 897 So.2d 613; Street v. May, 35,589 (La.App.2d Cir.12/05/01), 803 So.2d 312.
Here, the survey in question, prepared by Bowman at the request of the defendants, cost $15,275.76. That survey, relied on heavily in Jackson I, was instrumental in the favorable conclusion to Jackson that the boundary of the disputed Lot 14 extended north of the highway (the defendants argued that Lot 14 was located entirely on the south side of the highway). In Jackson I, 86 So.3d at 17, this court noted that:
[T]he trial court overlooked ... evidence that Lot 14 includes a strip of land north of the highway that is adjacent to Lot 15. Ms. Jackson’s title, which includes the strip north of the highway, provides the juridical link needed to utilize tacking under La. C.C. art. 794 to that which is possessed beyond title and within visible bounds.
Because it was determined by the survey that Lot 14 extended across the road and up to the Herring’s property, Jackson was allowed to utilize tacking and possess beyond her title. This included the “old red house” referred to in the litigation and which Jackson described her ancestors as having possessed.
Whereas, Jackson argues she had no input as to the selection of Bowman as surveyor, it is apparent she would not have prevailed without the Bowman survey as evidence showing that Lot 14 was indeed contiguous with the property in question and was not confined to south of the highway as claimed by the Herrings. Although seemingly an unorthodox decision by the trial court, its ruling as to the surveyor’s fee was undoubtedly proper and “equitable” as required under La. C.C.P. art.1920. Therefore, we conclude |4that the trial court’s judgment assessing equally the cost of the Bowman survey was not an abuse of discretion.
Conclusion
For the foregoing reasons, we affirm the judgment of the trial court assessing equally the survey expense of surveyor Michael Bowman. Costs of this appeal are assessed to Everlee Jackson.
AFFIRMED.