CHIASSON, Judge.
Defendant-appellant, Glenda Breeland Little, appeals the judgment of the trial court annulling two documents executed between her and her former husband, Jackie E. Little, plaintiff-appellee. The two documents are a “Sale with Assumption of Mortgage”, transferring the community home to the appellant, and a “Contract of Assumption of Indebtedness”, in which ap-pellee bound himself for the debts of the community then existing.
Jackie E. Little and Glenda Breeland were married on January 4, 1969, and lived together as husband and wife until Glenda received a divorce on July 26, 1977. No Separation of Bed and Board had been filed for or obtained. Representing Glenda at the time was Samuel T. Rowe who prepared the two documents in question. Appellee alleges that these documents were signed prior to the actual divorce in which case they would be null and void because executed in violation of the provisions of law which forbid husbands and wives from contracting with each other.
Appellant contends that the documents were signed after the divorce in the office of Mr. Rowe. Two employees in the office of Mr. Rowe signed as witnesses to the documents, with one witness signing the two documents under two different names. The trial court rendered judgment in favor of the appellee annulling the documents and appointing a notary to conduct an inventory of the community property existing between the parties.
The four issues that appear before this court are: (1) Can an authentic act be attacked by parol evidence? (2) If it can, did the appellee prove that the acts were not executed on the date that was on the documents? (3) Was there some incapacity to the parties contracting? (4) Was there a ratification of these contracts?
The fact that these two documents are authentic acts does not protect the agreements from attack. The authentic acts are only representations of the contracts entered into between the parties. La.C.C. art. 1762 provides:
“The contract must not be confounded with the instrument in writing by which it is witnessed. The contract may subsist, although the written act may, for some defect, be declared void; and the written act may be good and authentic, although the contract it witnesses be illegal. The *1215 contract itself is only void for some cause or defect determined by law.”
Article 1779 of the Louisiana Civil Code lists the requirements for the validity of a contract:
(1) Parties legally capable of contracting.
(2) Their consent legally given.
(3) A certain object, which forms the matter of the agreement.
(4) A lawful purpose.
The attack on these two documents in the present suit is under the general incapacity rules as they relate to husbands and wives to contract with each other under Article 1790 of the Civil Code which at the time provided:
“Besides the general incapacity which persons of certain descriptions are under, there are others applicable only to certain contracts, either in relation to the parties, such as a husband and wife, tutor and ward, whose contracts with each other are forbidden; or in relation to the subject of the contract, such as purchases, by the administrator, of any part of the estate which is committed to his charge, and the incapacity of the wife, even with the assent of the husband, to alienate her dotal property, or to become security for his debts. These take place only in the cases specially provided by law, under different titles of this Code.” (Emphasis added).
Article 2446 of the Civil Code prohibits the contract of sale between husbands and wives except in three instances:
* * * * * *
“1. When one of the spouses makes a transfer of property to the other, who is judicially separated from him or her, in payment of his or her rights.
“2. When the transfer made by the husband to his wife, even though not separated, has a legitimate cause, as the replacing of her dotal or other effects alienated.
“3. When the wife makes a transfer of property to her husband, in payment of a sum promised to him as a dowry-
“Saving, in these three cases, to the heirs of the contracting parties, their rights, if there exist any indirect advantage.”
Plaintiff is attacking the capacity of the parties to contract contending the parties entered into such an agreement before the divorce was granted. However, the documents were in authentic form. Louisiana Civil Code Article 2234 defines an authentic act as follows:
“The authentic act, as relates to contracts, is that which has been executed before a notary public or other officer authorized to execute such functions, in presence of two witnesses, aged at least fourteen years, or of three witnesses, if a party be blind. If a party does not know how to sign, the notary must cause him to affix his mark to the instrument. . . . ”
The significance of these documents being in authentic form is explained in Article 2236, which provides:
“The authentic act is full proof of the agreement contained in it, against the contracting parties and their heirs or assigns, unless it be declared and proved a forgery.”
In the Sale with Assumption of Mortgage, the capacities of the parties were stated that both were once married and are divorced from each other. The Contract of Assumption of Indebtedness recited the fact that the two parties were divorced from each other.
Plaintiff at trial introduced evidence to the effect that the agreements were not in fact signed on July 26, 1977, but a week earlier. If established, plaintiff would be showing that the parties contracted while they were still married in violation of the provisions of the Civil Code previously cited.
Plaintiff used the testimony of his former wife in a prior child support hearing. There appellant testified that the contracts were executed a week before the divorce was granted. Appellee’s brother, Michael Little, also testified to the fact that he accompanied his brother to the Courthouse the morning of the divorce proceeding and *1216 they left immediately afterwards to return to Plaquemine. Appellee also testified that the documents were signed in Mr. Rowe’s office a week prior to the judgment of divorce.
None of this evidence was objected to by the appellant’s attorney during the trial. Appellant’s retained counsel on appeal is now contesting the use of the parol evidence to prove the incapacity of the parties to contract in direct contradiction of what was stated in the authentic acts. Appellant is contending the trial court erred in allowing the use of such evidence in violation of Civil Code Article 2276, which provides:
“Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since.”
Defendant’s contention that parol evidence cannot be used to attack an authentic act fails, in that the plaintiff is attacking the capacity of the parties to contract.
In this regards, the lack of capacity of the parties is a violation of the laws relating to contracting. As was stated in Smith v. Smith, 239 La. 688, 119 So.2d 827, 829 & 830 (1960) and the long line of jurisprudence that followed:
“... Since contracts between spouses are specifically forbidden by Articles 1790 and 2446 of the Civil Code, save for the three purposes detailed in Article 2446, it follows that any husband and wife who attempt to contract in violation of those restrictions do so in fraudem Iegis. If parol evidence is admissible to show fraud practiced on one of the contracting parties, it would, a fortiori, appear that it should be received when the fraud has been perpetrated on the law itself. And so this Court has held that parol evidence may be introduced to show that any obligation has been contracted in fraudem Iegis regardless of what form may have been given to the reprobated contract. Lazare v. Jacques, 15 La.Ann. 599; Kelly v. Kelly, [131 La. 1024, 60 So. 671] supra; Ducote v. Stark, La.App., 87 So.2d 770.
“If Article 2236 were to be applied and parol evidence excluded in cases involving the absence of consideration in contracts between a husband and wife, the spouses could easily evade the restrictions of Article 2446 and make prohibited contracts with each other simply by using the authentic act to disguise the true circumstances. But such manipulations are not sanctioned in view of Articles 11 and 12 of the Civil Code:
‘Art. 11. Individuals can not by their conventions, derogate from the force of laws made for the preservation of public order or good morals. * * * ’
‘Art. 12. Whatever is done in contravention of a prohibitory law, is void, although the nullity be not formally directed.’ ”
With the determination that parol evidence is admissible, the next inquiry is whether plaintiff met his burden of proving that the documents were signed a week earlier than was stated therein. From the parties’ testimony and the testimony of plaintiff’s brother, Michael Little, the trial court made the determination that the Sale with Assumption of Mortgage and the Contract of Assumption of Indebtedness were signed prior to the divorce decree and were null and void. Under Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), “... the appellate court should not disturb such a finding of fact unless it is clearly wrong.” Under this mandate, we find the facts found by the trial court are reasonably supported by credible evidence and the decision of the trial court is not clearly wrong.
Since the evidence proved that the parties contracted prior to the divorce decree, the two contracts were null. The fact that the instruments reflected a different capacity is of no consequence since the contracts and not the instruments are of importance. Article 1762, supra.
The last issue appellant makes is that the contracts were ratified by the parties after the divorce. Under La.C.C. arts. 1790 and 2446, we hold that the agreements were relative nullities. Appellant now argues that the agreements, although null, *1217 have been ratified by the parties and are binding on them nonetheless — citing Tilton v. Tilton, 162 So.2d 733 (La.App. 4th Cir. 1964); Fisher v. Fisher, 261 So.2d 85 (La. App. 3rd Cir. 1972); and Clay v. Clay, 358 So.2d 649 (La.App. 1st Cir. 1978).
Appellee contests the defense of ratification, raised for the first time in this appeal, claiming that this is a special defense which should have been affirmatively pleaded in appellant’s answer. The Supreme Court in the case of Webster v. Rushing, 316 So.2d 111 (La.1975) explains this issue in the following manner:
“Even before the adoption of the 1960 Code of Civil Procedure, a defendant had to plead special defenses affirmatively in his answer. Presently, it is provided in article 1003 of the Code of Civil Procedure that the answer ‘shall set forth all affirmative defenses as required by Article 1005.’
“Article 1005, in addition to listing certain affirmative defenses which must be specially pleaded, contains the omnibus recital ‘and any other matter constituting an affirmative defense.’ (Emphasis added.) Thus, the listing of the named affirmative defenses in this article are merely illustrative. An affirmative defense raises new matter which, assuming the allegations in the petition to be true, constitutes a defense to the action and will have the effect of defeating plaintiff’s demand on its merits. . . . ” (Footnotes omitted).
In the instant case, if ratification would have been pleaded even in the alternative, appellant would have admitted the nullities of the contracts and would have claimed that, although the contracts were null, ap-pellee ratified them by his actions. This is a new matter which would have defeated appellee’s claim. Under the above guidelines, the issue of ratification is a special defense which should have been affirmatively pleaded. Additionally, we approvingly quote from this court’s holding in Young v. Warner, 283 So.2d 547 (La.App. 1st Cir. 1973), as follows:
“... While La.C.C.P. Art. 2164 provides that an appellate court may render any judgment which is just and proper on the record, it is well settled that a defense not pleaded in the trial court may not be raised for the first time on appeal. . . .”
For these reasons we decline to consider appellant’s defense of ratification raised for the first time on appeal.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.