Judgment rendered September 25, 2019.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,014-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

FLUID DISPOSAL                 Plaintiff-Appellee
SPECIALTIES, INC.

versus

UNIFIRST CORPORATION        Defendant-Appellant

* * * * *

Appealed from the
Second Judicial District Court for the
Parish of Claiborne, Louisiana
Trial Court No. 40393

Honorable Jimmy Cecil Teat, Judge

* * * * *

LAW OFFICE OF DAVID TURANSKY, LLC    Counsel for Appellant
By: David C. Turansky

COLVIN, SMITH & MCKAY            Counsel for Appellee
By: James Henry Colvin, Jr.
     Daniel N. Bays, Jr.

* * * * *

Before WILLIAMS, STONE, and THOMPSON, JJ.

**STONE, J.**

## INTRODUCTION

This dispute arises out of a supposed contract between UniFirst Corporation ("UniFirst") and Fluid Disposal Specialties ("FDS"), which FDS shop foreman Kenny Bryce ("Bryce") signed in his capacity as agent of FDS. UniFirst pursues this appeal in its capacity as plaintiff-in-reconvention. The appellees are FDS and Bryce, defendants-in-reconvention.

This case previously came to us as an appeal of the trial court's granting of a preliminary injunction against enforcement of the contract via arbitration. We affirmed the preliminary injunction on the ground that Bryce lacked authority. Subsequently, UniFirst filed a reconventional demand in the trial court, asserting various causes of action, including open account and unjust enrichment. FDS filed an exception of no cause of action and a motion for summary judgment ("MSJ") asserting prescription of the open account action. The trial court granted the MSJ and dismissed the exception of no cause of action as moot, and dismissed the entire case with prejudice. UniFirst filed this appeal. For the reasons stated herein, we reverse the trial court judgment and deny both the exception of no cause of action and the MSJ.

## FACTS AND PROCEDURAL HISTORY

UniFirst, the plaintiff, is in the business of leasing work uniforms to employers. The defendants are FDS and Bryce, a shop foreman for FDS. On April 3, 2014, Bryce, supposedly without authority to do so, signed a contract purporting to bind FDS to a uniform supply contract with UniFirst. A short time later, Bryce entered a second uniform supply contract with UniFirst, again purporting to act as agent of FDS. Thereafter, UniFirst

delivered the uniforms; FDS accepted the uniforms and paid the rental charges for approximately eight to ten months. However, FDS then stopped making payments, and apparently returned the uniforms. FDS made the last payment via check dated February 28, 2015. This check allegedly did not clear the bank until March 30, 2015.

UniFirst filed arbitration proceedings against FDS pursuant to the contract. On March 24, 2015, FDS obtained a preliminary injunction from the trial court barring further arbitration proceedings. We affirmed that preliminary injunction, reasoning that Bryce had no authority to bind FDS to the contract, and thus, the arbitration provision thereof was unenforceable against FDS. *Fluid Disposal Specialties, Inc. v. UniFirst Corp.*, 50,356 (La. App 2 Cir. 1/13/16), 186 So. 3d 210.

On March 6, 2018, UniFirst filed a reconventional demand in the trial court seeking recovery on multiple grounds, including open account and unjust enrichment. FDS filed an exception of no cause of action, and a MSJ asserting that the open account action was prescribed. The trial court granted the MSJ, and issued a final judgment dismissing any and all causes of action asserted in the reconventional demand. The trial court also dismissed the exception of no cause of action as moot.

UniFirst filed the instant appeal, urging the following six assignments of error: (1) the trial court erred in applying the one-year prescriptive period for delictual actions to an action which has nothing to do with any tort; (2) the trial court erred in failing to find that UniFirst's filing for arbitration interrupted prescription, which interruption continued until UniFirst filed its reconventional demand; (3) the trial court erred in failing to realize that its own judgment rendered in March, 2015, was a preliminary injunction, not a

2

permanent injunction and that arbitration proceedings were enjoined, "pending further orders of this court to the contrary," thus continuing to interrupt prescription; (4) the trial court erred in failing to recognize that the prescriptive period on an action on open account is three years from the date of the last payment on the account; (5) the trial court failed to apply the 10-year prescriptive period for a quasi-contractual action; and (6) the trial court failed to overrule the exception of no cause of action.

## DISCUSSION

In *Robert L. Manard III PLC v. Falcon Law Firm PLC,* 2012-0147 (La. App. 4 Cir. 11/16/12), 119 So. 3d 1, 7, *on reh'g* (La. App. 4 Cir. 4/10/13), the court stated:

> Louisiana jurisprudence is well settled that the character of an action as disclosed in the pleadings determines the applicable prescriptive period. *SS v. State ex rel. Dept. of Social Services,* 02–0831, p. 7 (La.12/4/02), 831 So.2d 926, 931; *Starns v. Emmons,* 538 So.2d 275, 277 (La.1989); *Qayyum v. Morehouse General Hospital,* 38,530 (La.App. 2 Cir. 5/12/04), 874 So.2d 371, 374.

Thus, this court will address the exception of no cause of action prior to addressing the issue of prescription.

However, before addressing the exception of no cause of action, we must consider the effect of our prior ruling affirming the preliminary injunction. Regarding an appellate court, the "law of the case doctrine" is merely a discretionary policy. *Day v. Campbell-Grosjean Roofing & Sheet Metal Corp.,* 260 La. 325, 256 So. 2d 105 (La. 1971). Thereunder, "an appellate court ordinarily will not, on subsequent appeal, reconsider its own *rulings of law* [emphasis supplied] on a subsequent appeal in in the same case." *Hanson v. River Cities Disposal*, 51,700 (La. App. 2 Cir. 11/5/17),

3

245 So. 3d 213; *Bank One, National Ass'n v. Velten*, 2004-2001 (La. App. 4 Cir. 8/17/05), 917 So. 2d 454, 458, *writ denied* 2006-0040 (La. 4/28/06), 927 So.2d 283, *cert. denied* 549 U.S. 826, 127 S.Ct. 349 (2006). The Supreme Court, in *Babineaux v. Pernie-Bailey Drilling Co.*, 261 La. 1080, 262 So. 2d 328, 332 (1972), stated:

> The law of the case rule cannot supplant the Code of Civil Procedure…[and]…only applies when the same issue is presented to the same court that has previously decided that issue *in the same case* which *has not* become res judicata (Emphasis in original; internal citations and quotation marks omitted).

In *Bank One, supra*, the Fourth Circuit rejected the argument that issuance of a preliminary injunction requires application of the law of the case doctrine. In so doing, the court reasoned as follows:

> A writ of preliminary injunction is essentially an interlocutory order issued in a summary proceeding incidental to the main demand for permanent injunctive relief. It is designed to and serves the purpose of preventing irreparable harm by preserving the status quo between the parties pending a determination on the merits of the controversy. The principal demand, as opposed to the injunction, is determined on its merits only after a full trial under ordinary process, even though the hearing on the summary proceedings to obtain the injunction may touch upon or decide issues regarding the merits. (Internal citations omitted).

*Bank One* at 458.

For the reasons articulated in *Bank One, supra,* we decline to apply the law of the case doctrine.

**Exception of no cause of action**

In *Jackson v. City of New Orleans,* 12-2742 (La. 1/28/14), 144 So. 3d 876, 895, the Louisiana Supreme Court explained:

> The peremptory exception of no cause of action is designed to test the legal sufficiency of a petition by determining whether a party is afforded a remedy in law

based on the facts alleged in the pleading. All well-pleaded allegations of fact are accepted as true and correct, and all doubts are resolved in favor of sufficiency of the petition so as to afford litigants their day in court. The burden of demonstrating that a petition fails to state a cause of action is upon the mover. The sufficiency of a petition subject to an exception of no cause of action is a question of law, and a de novo standard is applied to the review of legal questions; this court renders a judgment based on the record without deference to the legal conclusions of the lower courts.

Louisiana has a "fact pleading" system, as opposed to the federal "notice pleading" system. La. C.C.P. art. 854, cmt. (a). To state a cause of action in a Louisiana court, a petition must allege the material facts constituting the cause of action. *Id.*

**Actual authority**

The trial court granted a preliminary injunction against enforcement of the arbitration clause in the purported contract. In affirming the preliminary injunction, this court found that Bryce lacked actual or apparent authority to bind FDS to the contract.

Nonetheless, UniFirst makes allegations which, if proven, would establish a cause of action for enforcing the contract based on actual authority. Specifically, UniFirst alleges:

Prior to signing the agreement…Bryce left his office and UniFirst's representative therein and went to another office. When Bryce returned to his office, he indicated that he had been authorized to sign the Master Agreement on FLUID DISPOSAL'S behalf.

It bears repeating that the law of the case doctrine does not preclude UniFirst from pursuing enforcement of the contract on the ground of actual authority.

**La. C.C. art. 3019; ratification**

UniFirst alleges that, after Bryce signed the supposed contracts with UniFirst, FDS took delivery of the uniforms and its employees used them for

5

a time, and that FDS paid UniFirst according to the purported contract. UniFirst has also alleged that this court determined that Bryce lacked the authority to bind FDS to these contracts.

Based on the foregoing allegations, UniFirst has stated a cause of action against FDS for enforcement of the contract via tacit ratification, and an alternative cause of action against Bryce.

La. C.C. art. 3019 states: "A mandatary who exceeds his authority is personally bound to the third person with whom he contracts, unless that person knew at the time the contract was made that the mandatary had exceeded his authority or *unless the principal ratifies the contract.*" (Emphasis supplied).

La. C.C. art. 1843 provides for tacit ratification of contracts as follows:

> Ratification is a declaration whereby a person gives his consent to an obligation incurred on his behalf by another without authority.
> …
>
> Tacit ratification results when a person, with knowledge of an obligation incurred on his behalf by another, accepts the benefit of that obligation.

Ratification is an affirmative defense which must be specifically pled.[1] La. C.C.P. art. 1005; *Little v. Little,* 391 So. 2d 1213 (La. App. 1 Cir. 1980).

As previously stated, UniFirst's allegations in its reconventional demand, if proven, would establish that FDS ratified the contract. Specifically, UniFirst alleges that it delivered the uniforms pursuant to the agreement, FDS accepted the uniforms, and that, for a time, FDS made

---

[1] UniFirst did not file an answer prior to the granting of the preliminary injunction enjoining arbitration.

payments for the uniforms pursuant to the agreement. This suffices to state a contractual cause of action based on ratification.[2]

Additionally, we point out that this court did not address the issue of ratification in affirming the preliminary injunction; therefore, the law of the case doctrine – even if we applied it – would not bar UniFirst from pursuing ratification.

**Open account**

In relevant part, La. R.S. 9:2781, known as the "open account statute," states:

> D. For the purposes of this Section …"open account" includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not *at the time of contracting* the parties expected future transactions. (Emphasis added).

As with all contracts, "[a]n open account necessarily involves an underlying agreement between the parties on which the debt is based." *Sork v. Sork,* 2017-0300 (La. App. 1 Cir. 2/9/18), 242 So. 3d 640. Thus, an "open account" is a type of contract.[3] In *Sandair Corp. v. Davis Indus.,* 470 So.2d

---

[2] La. C.C. art. 3019 imposes on an agent who exceeds his authority liability to the third party contractant; thus, if it is established that he lacked authority to bind FDS to the contract with UniFirst, Bryce could be liable to UniFirst on the contract, unless it is established that FDS ratified the contract (or that UniFirst knew he lacked authority at the time the contract was made). Accordingly, Bryce and FDS could have adverse interests. However, they are represented by the same attorney in this appeal – James Colvin, Jr. ("Mr. Colvin"). In oral arguments, this court inquired about the potential conflict of interest, and counsel stated that Bryce and FDS do not have adverse interests in this matter. Based upon that assertion, it appears to the court that FDS and Bryce have reached some type of indemnification agreement. We decline to speculate as to the specific terms of this apparent agreement, and do not pass on its validity or whether it alleviates the concerns under RPC Rule 1.7.

[3] La. R.S. 9:2781(D), *supra*, was enacted in 2001. Acts 2001, No. 1075, Section 1. As shown below, *Shreveport Elec. Co. v. Oasis Pool Serv., Inc.*, 38,776 (La. App. 2 Cir. 9/29/04), 889 So. 2d 274, 279, *writ denied*, 2005-0340 (La. 4/1/05), 897 So. 2d 613, in stating that an open account is not a contract, relies on jurisprudence which predates the enactment of La. R.S. 9:2781(D):

> A contract is significantly different from an open account. Louisiana Civil Code Article 1906 defines contract as an agreement by two or

7

279 (La. App. 5 Cir. 1985), a contract for rental of an air compressor for which payments were overdue was considered an open account.

UniFirst's allegations in the reconventional demand, if proven, are sufficient to establish a contract between FDS and UniFirst for the rental and laundering of the uniforms (see discussion of actual authority, ratification, *supra*), and that there are overdue balances owed by FDS. Thus, the allegations are sufficient to state a cause of action for an open account under La. R.S. 9:2781.

**Quasi-contracts**

UniFirst asserts several claims that are quasi-contractual in nature: (1) unjust enrichment; (2) quantum meruit; and (3) detrimental reliance.

***Unjust enrichment/quantum meruit.*** La. C.C. art. 2298 articulates the law of unjust enrichment as follows:

> A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.

Thus, there are five elements essential to an unjust enrichment claim:

> (1) there must be an enrichment, (2) there must be an impoverishment, (3) there must be a connection between the enrichment and resulting impoverishment, (4) there must be an absence of "justification" or "cause" for the

---

more parties whereby obligations are created, modified, or extinguished. An open account is an account in which a line of credit is running and is open to future modification because of expectations of prospective business dealings. Services are recurrently granted over a period of time. A contract, however, is an agreement between two or more parties in which an offer is made by one of the parties and acceptance is made by the other party, thereby establishing a concurrence in understanding the terms. *Tyler v. Haynes,* 99-1921 (La. App. 3d Cir.05/03/00), 760 So.2d 559.

8

enrichment and impoverishment, and (5) there must be no other remedy at law available to plaintiff

*Baker v. Maclay Properties Co.,* 94-1529 (La. 1/17/95), 648 So. 2d 888, 897. [4]

UniFirst's reconventional demand makes allegations which, if proven, are sufficient to establish the first four requirements. UniFirst alleges its costs in providing the uniforms, FDS's employees' use of the uniforms, and this court's (interlocutory) ruling that there was no enforceable contract between FDS and UniFirst.

Understandably, UniFirst does not allege that it has "no other remedy at law" available to it. However, this should not prevent UniFirst from pursuing unjust enrichment at this point. The matter currently before the court is merely an exception of no cause of action; thus, this court cannot determine whether UniFirst actually has "no other remedy at law." Instead, this court can determine merely whether UniFirst *has stated a cause of action* for an "other remedy at law," *i.e.*, enforcement of the contract. Because UniFirst has, in fact, stated a cause of action for enforcing the contract (via ratification or actual authority), the exception of no cause of action regarding unjust enrichment is referred to the merits.

***Detrimental reliance*** is a cause of action distinct from unjust enrichment. La. C.C. art. 1967, in relevant part, states: "a party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the

---

[4] "Quantum meruit," in this context, is merely a different name for unjust enrichment. *Whitbeck v. Kay,* 2005-774 (La. App. 3 Cir. 2/1/06), 921 So. 2d 1178 ("[q]uantum meruit is an equitable remedy founded upon the principle that no one who benefits from the labor or materials of another should be unjustly enriched at the other's expense. The doctrine operates in the absence of a specific contract…")

other party was reasonable in so relying." Thus there are three elements: (1) promise by the defendant; (2) the defendant knew or should have known that the plaintiff would rely on it to the plaintiff's detriment; and (3) the plaintiff reasonably relied on the promise to his or her detriment. Unlike unjust enrichment, a promise by the defendant is an essential element of detrimental reliance under La. C.C. art. 1967.

The allegations of the petition would appear to perhaps support a cause of action for detrimental reliance against Bryce. The allegations against Bryce are summarized as follows. Bryce executed an agreement with UniFirst wherein he purported to act as FDS's agent with authority to bind FDS to the agreement. Bryce claimed he had authority to do so and even negotiated terms in confecting the purported agreement. Bryce entered a second agreement, again purporting to have authority as agent of FDS. In reliance on these promises, which are evidenced by Bryce's signatures on the contracts, FDS made outlays of approximately $488,000 pursuant to the supposed contract.

### Motion for summary judgment

La. C.C.P. art. 966, in relevant part, provides:

> A. (1) A party may move for a summary judgment for all or part of the relief for which he has prayed…
> …
> (3) After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.
> (4) The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions…
> …

10

D. (1) The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

(2) The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. Any objection to a document shall be raised in a timely filed opposition or reply memorandum. The court shall consider all objections prior to rendering judgment. The court shall specifically state on the record or in writing which documents, if any, it held to be inadmissible or declined to consider.

E. A summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case as to that party or parties.

F. A summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time.

**Prescription**

Breach of contract claims are subject to ten-year prescription under La. C.C. art. 3499. *Hotard's Plumbing, Electrical Heating & Air, Inc. v. Monarch Homes, LLC,* 15-180 (La. App. 5 Cir. 3/16/16), 188 So. 3d 391.

Actions that sound in quasi-contract and subject to a 10-year prescriptive period. *Kilpatrick v. Kilpatrick*, 27, 241 (La. App. 2 Cir. 8/23/95), 660 So. 2d 182, *writ denied* 644 So. 2d 444, 1995-2579 (La. 12/15/95). Thus, unjust enrichment actions are subject to the 10 year prescriptive period of La. C.C. art. 3499. *Trust for Melba Margaret*

*Schwegmann v. Schwegmann Family Trust,* 09-968 (La. App. 5 Cir. 9/14/10), 51 So. 3d 737; *Bazile v. Arnaud Coffee Co.*, 465 So.2d 111 (La. App. 4 Cir. 1985), *writ denied,* 468 So. 2d 1212; *Slocum v. Daigre*, 424 So. 2d 1074 (La. App 3 Cir. 1982), *writ denied,* 429 So.2d 128; *Acme Refrigeration of Baton Rouge, Inc v. Caljoan, Inc.*, 346 So. 2d 743 (La. App. 1 Cir. 1977).

**Assignment No. 1 – one-year prescription**

One-year prescription does not apply. This is not a tort action.

**Assignment Nos. 2 & 3 – interruption via arbitration filing; continuation of that interruption resulting from preliminary injunction**

UniFirst argues that its filing for arbitration – pursuant to the arbitration provision of the contract – interrupted prescription. UniFirst further argues that the trial court's preliminary injunction against the arbitration proceedings causes this interruption to continue indefinitely, *i.e.,* until the injunction is dissolved or made permanent.

In rebuttal, FDS argues that UniFirst's filing did not constitute a "submission" within the meaning of La. C.C. art. 3099 because FDS and UniFirst had no contract (covenant) to arbitrate. Therefore, FDS argues, UniFirst's filing for arbitration did not interrupt prescription, as that interruption is based on "submission" to arbitration.

"A *submission* is a covenant by which persons who have a lawsuit or difference with one another, name arbitrators to decide the matter and bind themselves reciprocally to perform what shall be arbitrated." La. C.C. art. 3099. (Emphasis in original). A "submission" to arbitration interrupts prescription as provided in La. C.C. art. 3105:

B. Prescription is interrupted as to any matter submitted to

> arbitration from the date of the submission and shall continue until the submission and power given to the arbitrators are put at an end by one of the causes in Article 3132, unless suit has been filed, in which case the provisions of Articles 3462 and 3463 shall apply.

La. C.C. art. 3132 provides for the termination of the submission and power given to the arbitrators upon the occurrence of any of the following:

> 1. By the expiration of the time limited, either by the submission or by law, though the award should not be yet rendered.
> 2. By the death of one of the parties or arbitrators.
> 3. By the final award rendered by the arbitrators.
> 4. When the parties happen to compromise touching the thing in dispute, or when this thing ceases to exist.

A submission is a covenant, *i.e.*, a contract. Our decision of the prior appeal in this matter merely affirmed the preliminary injunction, and therefore, constituted only an interlocutory ruling. Thus, it does not preclude the existence of an enforceable contract. Thus, the premise of FDS' argument, *i.e.,* that it has been conclusively established that there was no contract, is erroneous. Only once the enforceability of the contract has been determined with finality can it be determined whether or not the arbitration filing interrupted prescription.

**Assignment No. 4: Three-year prescription for open account action**

La. C.C. art. 3494(4) provides a three-year prescriptive period for open account actions. The trial judge granted the MSJ, holding that UniFirst's purported open account action is barred by prescription. We pretermit this issue. Even if the last payment occurred more than three years before UniFirst filed a reconventional demand, that does not necessarily render the open account action prescribed. If it is determined that the contract is enforceable via actual authority or ratification, then the arbitration filing interrupted prescription continuously. In that eventuality, the open

13

account action would not be prescribed despite the passage of more than three years between the last payment and the filing of suit.

## SUMMARY AND CONCLUSION

In its reconventional demand, UniFirst has a stated the following causes of action against FDS: (1) enforcement of contract via actual authority; (2) enforcement of contract via ratification; (3) open account; or, alternatively, (4) unjust enrichment. If UniFirst prevails on the merits regarding actual authority or ratification, then the arbitration clause is enforceable, and the arbitration filing (which was made before March 24, 2015), interrupted prescription.

UniFirst has also stated causes of action against Bryce for (4) exceeding authority under La. C.C. art. 3019, and (5) detrimental reliance.

The trial court, in granting the MSJ based on prescription and dismissing the case in its entirety, ignored all of the aforementioned causes of action – except for open account. Because the reconventional demand was filed within the 10-year prescriptive period applicable to these contractual and quasi-contractual claims, this was error. Furthermore, if UniFirst establishes actual authority/ratification on the merits, then the interruption of prescription via arbitration filing interrupted the running of prescription as to the open account claim as well. Therefore the MSJ regarding the open account is denied.

## DECREE

Based on the foregoing, we **REVERSE** the trial court judgment. The exception of no cause of action and the motion for summary judgment are **DENIED.** The defendants are cast with all costs of this appeal.

14

This case is **REMANDED** for further proceedings consistent with this opinion.