850 So.2d 902 (2003)
SERVICE STEEL AND PIPE, INC., Plaintiff-Appellant,
v.
GUINN'S TRAILER SALES, INC., Defendant-Appellee.
No. 37,291-CA.
Court of Appeal of Louisiana, Second Circuit.
June 25, 2003.
*903 Lynn E. Estes, Jr., Shreveport, for Appellant.
Norman I. Lafargue, Shreveport, for Appellee.
*904 Before PEATROSS, DREW and KOSTELKA (Pro Tempore), JJ.
PEATROSS, J.
This appeal arises from a trial court judgment in favor of the defendant, Guinn's Trailer Sales, Inc. ("Guinn's Trailers")[1], and against the plaintiff, Service Steel and Pipe, Inc. ("Service Steel"). Plaintiff now appeals the judgment of the trial court. For the reasons stated herein, we affirm.

FACTS
In 1998, Nabors Trailers of America, LLC ("Nabors LLC")[2], located in Mansfield, Louisiana, contracted to buy steel from Service Steel. Subsequently, Nabors LLC submitted to Service Steel an order to buy certain steel products. Mike Waters ("Waters"), a salesman for Service Steel, presented the order to Vicki Wallace ("Wallace"), the credit manager for Service Steel, for approval. Wallace refused to open a credit account for Nabors LLC because she did not receive any credit information about the company. Waters then called Nabors LLC and informed them of the situation.[3] Following Waters' phone call, Nabors LLC faxed to him the credit information for Guinn's Trailers.[4] Waters does not know who faxed him this credit information, but he did submit it to Wallace and she approved the opening of a credit account in the name of Guinn's Trailers.[5] All orders by Nabors LLC were thereafter charged to this account. Later, Wallace admitted at trial that she had not spoken to Charles Guinn, Sr. ("Guinn, Sr."), Charles Guinn, Jr. ("Guinn, Jr."), or any of the company officers at Guinn's Trailers or Nabors LLC about setting up the account in the name of Guinn's Trailers. She testified that the only contact she made with Guinn's Trailers was when she spoke to the receptionist at Guinn's Trailers in Nashville who told her that all invoices for the account at issue should be sent to Nabors LLC in Mansfield.
After making some purchases from Service Steel, Nabors LLC eventually began falling behind in its payments. Ultimately, Nabors LLC had an outstanding balance with Service Steel of $85,019.34. In an attempt to collect the debt owed, interest and attorney fees, Service Steel filed a lawsuit against both Guinn, Sr.[6], in his individual capacity, and Guinn's Trailers, because the credit account for Nabors LLC was established in the name of Guinn's Trailers. Later, both Guinn, Sr. and Nabors LLC filed for bankruptcy protection. The petition was filed in 2000 and Guinn, Sr. filed for Chapter 7 bankruptcy protection in June 2001; thus, Guinn's Trailers is the only defendant now remaining *905 in this case. A trial on these matters began in June 2002.
At trial, Guinn's Trailers argued that it never opened a credit account with Service Steel. Guinn, Jr., as President of Guinn's Trailers, testified at trial that neither he nor anyone at his company was contacted by representatives of Service Steel regarding the opening of an account at Service Steel in the name of Guinn's Trailers. He indicated that he was not aware that such an account had been opened until this lawsuit was filed. In addition, Sam Derrick, controller for Nabors LLC, testified that the account with Service Steel was a Nabors LLC account and he was unaware that the invoices submitted by Service Steel to Nabors LLC were in the name of Guinn's Trailers.
Guinn, Sr. testified that it was never his intent to open an account with Service Steel in the name of Guinn's Trailers. He did testify, however, that, during the time he was setting up his company, Nabors LLC, he circulated the credit information for Guinn's Trailers to various vendors so they would know something about his background and accomplishments with the company he previously ran as President. Guinn, Sr. also indicated that he never opened an account with anyone under the name of Guinn's Trailers and that he was not authorized to act for Guinn's Trailers.
Guinn, Jr. testified that he had no knowledge of his father using Guinn's Trailers' credit information in any attempt to obtain credit for Nabors LLC and that, if he had known about it, he would have opposed the information being used in that manner. He also confirmed that Guinn, Sr. did not have authority to open an account for Guinn's Trailers with Service Steel and that Guinn's Trailers never adopted a corporate resolution authorizing Guinn, Sr. to open an account. Finally, he testified that he was not contacted by Service Steel either when the account was opened or later when it became past due; and, as previously stated, he did not become aware of this account until this lawsuit was filed.
At the conclusion of the trial, the trial judge found in favor of Guinn's Trailers. The trial judge concluded that Guinn, Sr. was not an officer of Guinn's Trailers; he had no authority to act for Guinn's Trailers; Guinn's Trailers was not a co-obligor with Nabors LLC; there was no evidence that Guinn, Jr. knew that Service Steel opened an account in the name of Guinn's Trailers; there was not a scintilla of evidence to suggest clear intent of Guinn's Trailers to guarantee the payment of the account; and no suretyship agreement existed between Service Steel and Guinn's Trailers. Service Steel now appeals, raising the following assignment of error (verbatim):
The trial court erred as a matter of law in ruling in favor of Guinn's Trailer Sales, Inc. when the evidence adduced at trial and the factual findings made by the trial judge are such that the controlling case law from this Court of Appeal dictates an opposite result.

DISCUSSION
It is well settled that a court of appeal may not set aside a trial court's finding of fact in the absence of "manifest error" or unless it is "clearly wrong;" and, where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989). If the trial court findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that had it been *906 sitting as the trier of fact, it would have weighed the evidence differently. Id. Where there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. Id.

Imputed Knowledge
Service Steel argues that Guinn, Sr. deliberately attempted to establish an account for Nabors LLC in the name of Guinn's Trailers and that he had authority from Guinn's Trailers to open such an account and to act on behalf of Guinn's Trailers; thus, Guinn's Trailers is now liable for the debt owed by Nabors LLC. The trial judge found that there was not sufficient evidence for him to infer or conclude that Guinn, Jr. knew about the actions of Guinn, Sr.; and, therefore, he could not impute knowledge to Guinn, Jr. and Guinn's Trailers. We agree.
First, the record does not support the contention that Guinn, Jr. knew about Guinn, Sr.'s use of Guinn's Trailers' credit information. As previously stated, Guinn, Jr. testified that he did not know about the actions of Guinn, Sr. and that he would have opposed the use of Guinn's Trailers' credit information if he had known about the manner in which Guinn, Sr. used it. Second, Guinn, Jr. testified that Guinn, Sr. did not have the authority to open an account in the name of Guinn's Trailers and no corporate resolution was ever adopted allowing Guinn, Sr. to open such an account.
Service Steel cites Ogden v. Culpepper, 474 So.2d 1346 (La.App. 2d Cir.1985), in support of its argument that, where an individual controls a significant portion of the shares of a closely-held corporation, takes an active role in the managing of the corporation's business and is entrusted by related stockholders to watch out for and to act in their best interests, that individual's knowledge of the corporation's business affairs may be imputed to those who have entrusted him to act on their behalf. We find, however, that Ogden is inapplicable to the case sub judice for the following reasons. Even if Guinn's Trailers is considered to be a closely-held corporation and Guinn, Sr. owned a significant portion of the shares in Guinn's Trailers, the evidence presented at trial indicates that Guinn, Sr. did not take an active role in managing Guinn's Trailers after he retired as President in 1994. In addition, the record does not support the assertion that the other stockholders of Guinn's Trailers were allowing Guinn, Sr. to go out and do business on behalf of Guinn's Trailers. We conclude, therefore, that imputed knowledge is inapplicable in this case.

Detrimental Reliance
Service Steel further argues that Guinn, Sr. induced it to believe that Guinn's Trailers would be responsible for the account and that Service Steel relied on this induced promise to its detriment. Citing La. C.C. art.1967, Service Steel asserts that, when it sold its products to Nabors LLC, it relied on being paid by Guinn's Trailers to its detriment and that, if it had known that Guinn's Trailers was not a co-obligor with Nabors LLC, then it would not have extended credit. La. C.C. art.1967 provides:
Cause is the reason why a party obligates himself.
A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying. Recovery may be limited to the expenses incurred or the damages suffered as a result of the promisee's reliance on the promise. Reliance on a gratuitous promise made without required formalities is not reasonable.
*907 Detrimental reliance is not favored in our law and is sparingly applied as it bars the normal assertion of rights otherwise present. Miller v. Miller, 35,934 (La.App.2d Cir.5/8/02), 817 So.2d 1166, writ denied, 02-1890 (La.10/25/02), 827 So.2d 1154. In order to recover damages for detrimental reliance, the party must prove the existence of a promise and reasonable reliance on that promise to the party's detriment. Magic Moments Pizza, Inc. v. Louisiana Restaurant Association, 02-160 (La.App. 5th Cir.5/29/02), 819 So.2d 1146. In addition, a claim of detrimental reliance must meet three requirements: (1) a representation by conduct or word; (2) justifiable reliance thereon; and (3) a change in position to one's detriment because of the reliance. Robinson v. Healthworks Intern., L.L.C., 36,802 (La.App.2d Cir.1/29/03), 837 So.2d 714, writ not considered, 03-0965 (La.5/16/03), 843 So.2d 1120, citing Edwards v. Conforto, 636 So.2d 901 (La.1993).
In the case sub judice, Service Steel has failed to prove the existence of a promise by Guinn's Trailers or Guinn, Jr. to pay the debts of Nabors LLC; and, therefore, Service Steel could not have reasonably relied on a promise not given. The record before us indicates that Service Steel failed to prove that Guinn, Sr. represented by conduct or word that Guinn's Trailers would be responsible for the debts of Nabors LLC. Further, the evidence does not support a conclusion that the credit information sent to Service Steel was intended to induce it to set up an account in reliance on Guinn's Trailers paying for the debts owed by Nabors LLC. Moreover, in order to claim it justifiably relied on Guinn's Trailers' alleged promise to pay for the debts of Nabors LLC, Service Steel had a duty to verify that the fax sent to it was intended to be used to establish a credit account in the name of Guinn's Trailers. The fax is not sufficient to prove that Guinn's Trailers promised to pay for the debts of Nabors LLC; and, therefore, it cannot prove justifiable reliance on the part of Service Steel.

Open Account
Service Steel also contends that an open account exists in this case between it and Guinn's Trailers; and, thus, it is entitled to judgment. We do not agree.
A creditor suing on an open account must prove that the debtor contracted for the sales on an open account. Metrospec Computers & Supply, Inc. v. R.A. Roldan & Company, Inc., 94-0102 (La.App. 4th Cir.9/29/94), 643 So.2d 833. For there to be an action on an open account, there must necessarily be a contract which gave rise to the debt. Blackie's Rental Tool & Supply Co., Inc. v. Vanway, 563 So.2d 350 (La.App. 3d Cir.1990). In order for there to be a contract which gave rise to the debt there must be a "meeting of the minds" between the parties. Id. To prevail on a suit on open account, the creditor must prove that the debtor contracted for the services of an open account. Dixie Machine Welding & Metal Works, Inc. v. Gulf States Marine Technical Bureau, Inc., 96-869 (La.App. 5th Cir.3/12/97), 692 So.2d 1167. One who sues on open account has the burden of proving the contract. Deubler Elec. Inc. v. Knockers of Louisiana, Inc., 95-372 (La.App. 5th Cir.11/15/95), 665 So.2d 481.
A corporation is a legal entity which is separate and distinct from its principals and shareholders and it can only take action through its authorized representatives. McKendall v. Williams, 467 So.2d 1301 (La.App. 4th Cir.1985), writ denied, 469 So.2d 986 (La.1985). We find that the record does not support the assertion that Guinn, Sr. had authority from Guinn's Trailers to open an account with Service Steel. On the contrary, both Guinn, Sr. *908 and Guinn, Jr. testified at trial that Guinn, Sr. did not have the authority to open accounts in the name of Guinn's Trailers. La. C.C. art. 2997(3) and (4) provide:
Authority also must be given expressly to:
* * *
(3) Contract a loan, acknowledge or make a remission of a debt, or become a surety.
(4) Draw or endorse promissory notes and negotiable instruments. (Emphasis added.)
Since Guinn, Sr. did not have the authority to open an account with Service Steel in the name of Guinn's Trailers, then there was no "meeting of the minds" between Guinn's Trailers and Service Steel to form a contract and to have an open account.
Service Steel further asserts that Guinn, Sr. had apparent authority to act on behalf of Guinn's Trailers, but this argument is also without merit. The burden of proving apparent authority is on the party relying on the mandate. Vermilion Bank & Trust Company v. Miller, 284 So.2d 662 (La.App. 3d Cir.1973). A third party seeking benefits from the apparent authority doctrine may not blindly rely on the assertions of an agent. Tedesco v. Gentry Development, Inc., 521 So.2d 717 (La.App. 2d Cir.1988), aff'd 540 So.2d 960 (La.1989). One dealing with an agent, by the mere fact of agency, is given the right and duty to determine, at his peril, whether the authority purportedly granted by the principal will permit the proposed act by the agent. Bamber Contractors, Inc. v. Morrison Engineering & Contracting Company, Inc., 385 So.2d 327 (La.App. 1st Cir.1980). (Emphasis added.)
Service Steel has not proved in this case that Guinn, Sr. had the apparent authority to act on behalf of Guinn's Trailers. In addition, Service Steel had a duty to determine whether or not Guinn, Sr. had the authority to bind Guinn's Trailers; and it failed to properly verify this crucial piece of information. Waters could not remember with whom he talked at Nabors LLC about receiving the credit information and he did not know who faxed this information to him. Wallace was responsible for setting up accounts at Service Steel and never talked to any management officials at Nabors LLC or Guinn's Trailers regarding the establishment of an account in the name of Guinn's Trailers. Moreover, the record does not support Service Steel's contention that Guinn's Trailers or Guinn, Jr. either contracted to set up an account with Service Steel or knew that the company's credit information was used to open an account. Service Steel, therefore, has not met its burden of proving an open account with Guinn's Trailers in this case.
Finally, pursuant to the Uniform Rules, Court of Appeal, Rule 2-12.4, we find that any assertions concerning suretyship have not been briefed or argued by Service Steel; and, consequently, any arguments concerning this issue have been abandoned. Knotts v. Snelling Temporaries, 27,773 (La.App.2d Cir.12/6/95), 665 So.2d 657.
Since the trial judge's findings in the instant case are reasonable in light of the record reviewed in its entirety, we find that he did not commit "manifest error," nor was he "clearly wrong." Service Steel's assignment of error is without merit.

CONCLUSION
For the foregoing reasons, the judgment of the trial court against Plaintiff, Service Steel and Pipe, Inc., is affirmed. Costs of this appeal are assessed to Plaintiff, Service Steel and Pipe, Inc.
AFFIRMED.
NOTES
[1] Guinn's Trailers is a corporation organized under the laws of the State of Tennessee. Charles Guinn, Sr. formed Guinn's Trailers in 1977 and managed the company and served as its President until 1994, when his son, Charles Guinn, Jr., took over as President.
[2] Nabors LLC is owned by Charles Guinn, Sr. Nabors LLC's predecessor was called Nabors Trailers, which went out of business a few years before.
[3] Waters testified that he did not remember with whom he talked at Nabors LLC.
[4] The fax does not list any information for Nabors LLC and the name of Charles Guinn, Sr. is not listed anywhere on the fax.
[5] Waters testified that he never told Wallace that the credit information should be used to open an account under the name of Guinn's Trailers and that the information was submitted to set up an account for Nabors LLC.
[6] Service Steel has argued that Guinn, Sr., as the majority shareholder of Guinn's Trailers, had the authority to bind Guinn's Trailers to the account with Service Steel.