Judgment rendered August 28, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,782-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

KENNETH KAY KOVAC                           Plaintiff-Appellant

versus

ANNETTE KOVAC AND THE                       Defendants-Appellees
SUCCESSION OF JOHNNY
KOVAC, JR.

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Morehouse, Louisiana
Trial Court No. 2018-205

Honorable Wilson Rambo, Judge

* * * * *

| | |
|---|---|
| BREITHAUPT, DUBOS, & WOLLESON, LLC By: Robert Alan Breithaupt James R. Close | Counsel for Plaintiffs-Appellants, Kenneth Kay Kovac and Ceres Inc |
| BOBBY NOEL UNDERWOOD | Counsel for Defendant-Appellee, Annette Kovac |
| WHIDDON LAW OFFICE By: Keith Thomas Whiddon | Counsel for Defendant-Appellee, Succession of Johnny Kovac, Jr. |

GORDON ARATA
MONTGOMERY, et al
By: Alex B. Rothenberg
   Richard Ethan Zubic
   Phillip Jay Antis, Jr.

Counsel for
Defendant-Appellee,
John Gregory Dukes

\* \* \* \* \*

Before COX, STEPHENS, and HUNTER, JJ.

**HUNTER, J.**

Plaintiff, Kenneth Kay Kovac, appeals a district court ruling granting a motion for summary judgment, dismissing his claims against defendant, John Gregory Duke, and a motion for partial summary judgment, dismissing plaintiff's claims against defendant, the Succession of Johnny Kovac, Jr. For the following reasons, we reverse and remand this matter for further proceedings.

**FACTS**

Johnny T. Kovac, Sr. ("Johnny, Sr.")[1] and Helen Rose Kovac were the owners of farmland ("the Farm") in Morehouse Parish. Johnny, Sr. and Helen formed Ceres, Inc. ("Ceres"), and conveyed ownership of the farmland to the company. Johnny, Sr. and Helen had a combined 100% ownership interest in Ceres, and the Farm was the only continuing business activity conducted by Ceres.

Helen died intestate in 1986, and Johnny, Sr. died intestate in 1992. They were survived by two sons, Johnny T. Kovac, Jr. ("Johnny, Jr.")[2] and plaintiff, Kenneth Kay Kovac. After the deaths of Johnny, Sr. and Helen, Johnny, Jr. and his wife, Annette Kovac, operated the Farm. Johnny, Jr. served as president of Ceres at intervals. Over the years, plaintiff has served as an officer in Ceres, including serving as president from 1994 until 2013. In 2000, plaintiff moved out of state, while maintaining a residence in Morehouse Parish. According to plaintiff, he regularly consulted with Johnny, Jr. and continued to assist in Ceres business operations. Plaintiff

---

[1] In some portions of the record, Johnny T. Kovac's first name is spelled "Johnny" and "Johnie." Throughout this opinion, his name will be spelled, "Johnny."

[2] In some portions of the record, Johnny Kovac, Jr.'s first name is spelled "Johnnie." His first name will be spelled "Johnny."

moved back to Morehouse Parish in 2009, and continued to assist Johnny, Jr. in the business operations of Ceres.

Plaintiff, Kenneth Kovac, alleges in 1993, the "Succession of Johnnie T. Kovac, Sr. and Helen Rose McKoin Kovac" was opened in Morehouse Parish. Plaintiff contends Johnny, Jr. had renounced his inheritance, and he (plaintiff) was placed into possession of all property from his parents' estates by virtue of judgments of possession dated March 31, 1993, and April 28, 1994. More specifically, plaintiff asserts the judgments of possession recognize him as the owner of "all the property, real and personal, rights and credits, tangibles and intangibles and all of the other possessions, whether enumerated herein or not," which Johnny, Sr. and Helen possessed. However, the Ceres stock was not listed on the sworn list of property or judgment of possession, and there is no documentary evidence to establish Johnny, Sr. and Helen still owned Ceres at the times of their deaths.[3]

Johnny, Jr. died on October 20, 2014. Prior to his death, he allegedly transferred certain stock to his wife, Annette, and he also executed an olographic testament, dated May 12, 2010, which provided:

> I, Johnnie Kovac, do make this to be my Last Will and do revoke all others. I leave all property to my loving wife, Annette Kovac. I pray that the stock that I transferred to my wife be given to my daughters and son at her death, 1/5 each to Linette, Teena, Wanda Rae, Johnette and Jonathan. I name my wife to carry out my wishes.[4]

---

[3] According to plaintiff, Johnny, Sr. and Helen had orally conveyed their intent to leave the Farm to their granddaughters. Therefore, at the times of the deaths of his parents, he believed the Ceres stock had been conveyed to the granddaughters.

[4] There is no evidence Johnny, Jr.'s olographic testament was ever presented for probate, and the testament was challenged by his daughter, Wanda Jones. The district court initially ordered those proceedings to be consolidated with the instant matter. Subsequently, the court ordered the previously consolidated succession proceedings be severed from the instant matter and dismissed. Therefore, the proceedings regarding the validity of Johnny, Jr.'s testament will not be addressed herein.

After Johnny, Jr.'s death, Annette continued to operate the Farm. According to plaintiff, when he attempted to discuss business operations with Annette, she informed him she was the sole owner of Ceres. Additionally, Annette was identified as president of Ceres in certain documents, and plaintiff asserts she held herself out to others as the sole owner of the company. Annette produced documents she claimed were "stock certificates," which purportedly indicated she became 50% owner of Ceres in 1992, and 100% owner in 2001. The "stock certificates" were handwritten and were purportedly signed by Johnny, Jr. Annette also claimed the "stocks" were given to her as "gifts" from Johnny, Jr.

On May 10, 2018, Kenneth filed a petition for declaratory judgment and damages. He alleged (1) he was placed in possession of "any and all property" owned by his parents following their deaths; (2) Annette had been identified in certain documents as the President of Ceres, and she claimed to own 100% of the company by virtue of two stock certificates; (3) the certificates in Annette's possession did not represent actual ownership of Ceres and were not properly authorized; and (4) he had never transferred any interest in Ceres to anyone, including Johnny, Jr. and Annette. Plaintiff sought a judgment declaring him to be the sole owner of Ceres, pursuant to the 1993 and 1994 judgments of possession in the joint successions of Johnny, Sr. and Helen. Plaintiff also sought damages from Annette for mismanagement of assets and breach of fiduciary duty.

Weeks later, on June 1, 2018, Annette sold the Farm to defendant, John Gregory Duke ("Duke"), for $1,320,000. The cash deed stated Ceres was "represented herein by its duly authorized President and Sole

3

Shareholder, Annette V. Kovac." Attached to the deed was a Resolution, signed by Annette, which provided, in part:

> At a meeting of the Board of Directors of CERES, INC. ***
> held on the 31st day of May, 2018, with all of its board
> members and sole shareholder being present, the following
> resolution was unanimously adopted:
>
> "Be it resolved: That on and after May 31, 2018, Annette V.
> Kovac, sole board member and shareholder of the corporation,
> is hereby authorize to execute a cash deed in the name of
> CERES, INC. In order to sell the following described property
> *** to JOHN GREGORY DUKE *** and to sign all necessary
> documents to effect this transfer on behalf of the corporation[.]"
> ***

On May 31, 2019, plaintiff amended the petition to add Duke and the Succession of Johnny Kovac, Jr. ("the Succession") as defendants. Plaintiff also added Ceres as a party plaintiff and asserted a derivative claim on behalf of Ceres to annul the sale of the property.[5]

On July 27, 2022, Duke filed a motion for partial summary judgment, arguing plaintiff's claims against the Succession "should be dismissed because [the Succession] has not made any claim in this litigation, no parties in this case have made any claims against the Succession, and no purported heir to Johnny Kovac, Jr. has ever brought a claim against the Succession or any party to this case."[6] Duke also argued none of plaintiff's claims involved the Succession, and the time for attacking Johnny, Jr.'s will has

---

[5] On July 20, 2020, Duke filed a motion for summary judgment, arguing he was entitled to judgment as a "good faith purchaser"; the trial court denied the original motion for summary judgment.

[6] Following the trial court's order to sever and dismiss the succession proceedings, the court ordered should the Succession of Johnny Kovac, Jr. be properly re-opened, then plaintiff would be granted leave to add the re-opened succession as a party defendant, and Duke's motion for partial summary judgment would be pretermitted with Duke reserving the right to re-urge the motion (after the properly opened Succession was added as a party defendant).

prescribed. Therefore, Duke argued, Johnny Jr.'s heirs do not have any evidence to refute Annette's ownership, and summary judgment dismissing the Succession was warranted.

Thereafter, on October 24, 2022, Duke filed another motion for summary judgment, arguing there was no genuine issue of material fact regarding the ownership of Ceres. Duke argued plaintiff's "sole basis for claiming ownership of Ceres' stock is his allegation that he owns that stock via inheritance because his parents died possessed on 100% of Ceres' stock[, and plaintiff] has no evidence to support his conclusory and self-serving allegation that his parents died possessed of 100% of Ceres' stock."

On December 1, 2022, plaintiff filed a second amended petition, adding the newly reopened "Succession of Johnnie Kovac, Jr." as a defendant. Thereafter, Duke moved to reset his motion for partial summary judgment regarding the claims against the Succession.[7] Following a hearing, the trial court granted Duke's motion for summary judgment, dismissing plaintiff's claims against Duke. In a footnote, the court stated:

> The Court finds no genuine issue of material fact remains in dispute with respect to the proposition that the Defendant, John Gregory Duke, was a good faith, third party purchaser for value who engaged in an arm's length transaction with a person having apparent authority (if not actual authority) to act on behalf of the Plaintiff, Ceres, Inc., as disclosed by review and consideration of the public records. The Court further finds, under these unique circumstances that the **"exception"** to the public records doctrine **jurisprudentially created** with respect to heirship to heirship is **not** applicable to this case.

---

[7] Annette filed a peremptory exception of prescription, which the trial court denied. The exception of prescription is not at issue in this appeal.

5

(Emphasis in original). The court also granted Duke's motion for partial summary judgment, dismissing the Succession as a party to the proceedings, stating:

> The Court finds the requested relief appropriate because the Succession of Johnny Kovac, Junior, has never made any claim in this litigation and, further, no party to this case has made any claim against said Succession, and further, no purported heir to Johnny Kovac, Junior, has ever brought a claim against that Succession.

Plaintiff appeals.

## DISCUSSION

Plaintiff contends the trial court erred in granting Duke's motion for summary judgment on the basis he "was a good faith, third party purchaser." Plaintiff argues genuine issues of material fact remain in dispute, and summary judgment is precluded in this case. More specifically, plaintiff contends Duke is not entitled to summary judgment because there is no evidence that Annette was the owner of Ceres at the time of the sale.

Plaintiff also contends the trial court erred in granting Duke's motion for partial summary judgment and dismissing plaintiff's claims against the Succession of Johnny Kovac, Jr. He argues La. C.C.P. art. 966 allows a party to move for summary judgment "for all or part of the relief for which he has prayed." Plaintiff argues neither Duke nor the Succession has prayed for any relief against each other. Therefore, Duke lacks standing to seek the dismissal of any claims made by plaintiff against the Succession. In the alternative (assuming Duke has standing), plaintiff argues the Succession was named as a party defendant, and it is an essential party to this lawsuit. Plaintiff asserts he is seeking a judgment declaring him owner of Ceres, which necessarily requires a determination that Johnny, Jr. was not the

6

owner.  Because Johnny, Jr. is deceased, the Succession must stand in his place.  Additionally, the trial court incorrectly stated none the parties have brought a claim against the Succession.  The record clearly shows plaintiff named the Succession as a defendant in this matter, and the claims against Succession are vital to ascertain whether plaintiff or Annette is the sole owner of Ceres.

When considering rulings on summary judgment, courts apply a *de novo* standard of review.  *Farrell v. Circle K Stores, Inc.*, 22-00849 (La. 3/17/23), 359 So. 3d 467; *Bolden v. Tisdale*, 21-00224 (La. 1/28/22), 347 So. 3d 697.  Thus, we use the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Id.*  A trial court must grant a motion for summary judgment if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.  La. C.C.P. art. 966(A)(3).

The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by La. C.C.P. art. 969.  La. C.C.P. art. 966(A)(2).  The procedure is favored and shall be construed to accomplish these ends. *Id.*

A genuine issue is one about which reasonable persons could disagree.  *Hines v. Garrett*, 04-0806 (La. 6/25/04), 876 So. 2d 764; *Grisby v. Jaasim II, LLC*, 54,646 (La. App. 2 Cir. 9/21/22), 349 So. 3d 103, *writ denied*, 22-01573 (La. 12/20/22), 352 So. 3d 87; *Franklin v. Dick*, 51,479 (La. App. 2 Cir. 6/21/17), 224 So. 3d 1130.  In determining whether an issue is genuine, a court should not consider the merits, make credibility

7

determinations, evaluate testimony, or weigh evidence. *Grisby*, *supra*; *Harris v. City of Shreveport*, 53,101 (La. App. 2 Cir. 4/22/20), 295 So. 3d 978. A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. Facts are material if they potentially ensure or preclude recovery, affect a litigant's ultimate success or determine the outcome of the legal dispute. *Grisby*, *supra*; *Weaver v. City of Shreveport*, 52,407 (La. App. 2 Cir. 12/19/18), 261 So. 3d 1079.

The burden of proof rests with the mover; nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La. C.C.P. art. 966(D)(1). The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id.* When a motion for summary judgment is made and supported as provided in La. C.C.P. art. 967(A), an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in La. C.C.P. art. 967(A), must set forth specific facts showing that there is a genuine issue for trial. La. C.C.P. art. 967(B). If he does not so respond, summary judgment, if appropriate, shall be rendered against him. *Id.*

A corporation is a legal entity which is separate and distinct from its principals and shareholders and it can only take action through its authorized representatives. *Serv. Steel & Pipe, Inc. v. Guinn's Trailer Sales, Inc.*, 37,291 (La. App. 2 Cir. 6/25/03), 850 So. 2d 902; *McKendall v. Williams*, 467 So. 2d 1301 (La. App. 4 Cir. 1985), *writ denied*, 469 So. 2d 986 (La. 1985). A mandate is a contract by which a person, the principal, confers authority on another person, the mandatary, to transact one or more affairs for the principal. La. C.C. art. 2989. The contract of mandate is not required to be in any particular form. Nevertheless, when the law prescribes a certain form for an act, a mandate authorizing the act must be in that form. La. C.C. art. 2993. As a general rule, the authority to alienate immovable property must be in writing and given expressly. In the sale of immovable property, written authority is required for an agent to execute either an agreement to sell or a contract of sale. La. C.C. arts. 2996, 2997, 2440; *Tedesco v. Gentry Dev., Inc.*, 540 So. 2d 960 (La. 1989).

A third party seeking benefits from the apparent authority doctrine may not blindly rely on the assertions of an agent. *Serv. Steel & Pipe, Inc.*, *supra*; *Tedesco v. Gentry Dev., Inc.*, 521 So. 2d 717 (La. App. 2 Cir. 1988), *aff'd* 540 So. 2d 960 (La. 1989). One dealing with an agent, by the mere fact of agency, is given the right and duty to determine, at his peril, whether the authority purportedly granted by the principal will permit the proposed act by the agent. *Serv. Steel & Pipe, Inc.*, *supra*; *Bamber Contractors, Inc. v. Morrison Eng'g & Contracting Co., Inc.*, 385 So. 2d 327 (La. App. 1 Cir. 1980).

In the instant case, the record establishes the immovable property in dispute was owned by Ceres. The record contains Johnny Jr.'s olographic testament, in which he bequeathed to Annette "all property" and referred to unspecified "stock that I transferred to my wife." The record also contains copies of purported stock certificates, which allegedly conveyed 50% of Ceres stock to Annette in 1992, and 50% to her in 2001. According to plaintiff, he was the secretary/treasurer of Ceres in 1992, president of the company in 2001, and neither of the purported stock certificates bore his signature. The record is devoid of any documentary evidence showing Johnny, Sr. and Helen transferred or conveyed the Ceres stock to Johnny, Jr., or that Johnny, Jr. was the sole owner of the stock. Further, other than the documents bearing Annette's lone signature, there is no evidence in this record Annette was ever President of Ceres.

However, none of Ceres' records show Johnny, Jr. was ever the owner of any Ceres shares. Johnny, Sr. and Helen were the initial owners of the company, and there is no evidence they ever transferred any shares to anyone.

After careful review of the pleadings and evidence submitted, we find there are genuine issues of material fact which make summary judgment inappropriate as to the ownership of Ceres, Inc., the validity of the purported stock certificates, and Annette's authority to sell the property in dispute. The evidence submitted by Duke was insufficient, at this juncture, to establish Annette had the authority to sell the property. Accordingly, we reverse the trial court's judgment insofar as it granted summary judgment in favor of Duke.

Further, the claims against the Succession of Johnny, Jr. are also inappropriate for summary judgment. As stated above, summary judgment is used when there are no genuine issues of material fact for all or part of the relief prayed for by a litigant. La. C.C.P. art. 966(A)(1); *Grisby*, *supra*. In this case, Duke, the mover, did not pray for any relief against the Succession of Johnny, Jr., and likewise, the Succession of Johnny, Jr. has not asserted any claims against Duke. Consequently, we find the trial court erred in granting Duke's motion for partial summary judgment and dismissing plaintiff's claims against the Succession of Johnny, Jr.

## CONCLUSION

For the foregoing reasons, the trial court's judgments granting the motions for summary judgment and partial summary judgment are hereby reversed, and we remand this matter to the trial court for further proceedings. Costs of the appeal are assessed to defendant, John Gregory Duke.

**REVERSED; REMANDED.**